## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., <br><br> and <br><br> CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, <br><br>                Plaintiffs, <br><br>      v. <br><br> ANTHONEÉ PATTERSON, <br><br>     and <br><br> ROCHELLE BILAL, <br><br>           Defendants. | No. 21-cv-00634 |

## ORDER

**AND NOW**, this ___ day of January 2022, upon consideration of Conrad O'Brien P.C.'s Renewed Motion to Withdraw as Counsel for Defendant Anthoneé Patterson, it is **ORDERED** that the Motion is **GRANTED**.

_____

KAREN SPENCER MARSTON, J.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THE TRUSTEES OF THE GENERAL ASSEMBLY OF
THE CHURCH OF THE LORD JESUS CHRIST OF THE
APOSTOLIC FAITH, INC.,

       and

CHURCH OF THE LORD JESUS CHRIST
OF THE APOSTOLIC FAITH,

       Plaintiffs,

      v.

ANTHONEÉ PATTERSON,

      and

ROCHELLE BILAL,

       Defendants.

No. 21-cv-00634

## CONRAD O'BRIEN P.C.'S RENEWED MOTION TO WITHDRAW AS COUNSEL

Conrad O'Brien P.C., counsel for Defendant Anthoneé Patterson, respectfully moves to withdraw as counsel for Anthoneé Patterson.  In support of this Motion, Conrad O'Brien P.C. relies on its concurrently filed Brief.

Dated: January 28, 2022

*s/ Kevin Dooley Kent*
Kevin Dooley Kent, Esquire (I.D. No. 85962)
Andrew S. Gallinaro, Esquire (I.D. No. 201326)
CONRAD O'BRIEN PC
1500 Market Street, Suite 3900
Philadelphia, PA  19102-2100
215.864.9600
kkent@conradobrien.com
agallinaro@conradobrien.com

*Attorneys for Defendant Anthoneé Patterson*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the date set forth below Conrad O'Brien P.C.'s Renewed Motion to

Withdraw as Counsel and supporting memorandum was electronically filed pursuant to the

Court's ECF system, and the documents are available for downloading and viewing from the

ECF system. Notice of this filing will be sent to all parties by operation of the ECF system.  I

further certify that a copy of the Motion was sent to Bishop Anthoneé Patterson by Regular US

Mail and electronic mail at the following address:

Bishop Anthoneé Patterson
1544 West 25th Street
Jacksonville, FL 32209
anthoneep@aol.com

/s/ *Kevin Dooley Kent*
Kevin Dooley Kent, Esq.

Date: January 28, 2022

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., | No. 21-cv-00634 |
| and | **BRIEF IN SUPPORT OF CONRAD O'BRIEN P.C.'S RENEWED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ANTHONEÉ PATTERSON** |
| CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, | |
| Plaintiffs, | |
| v. | |
| ANTHONEÉ PATTERSON, | |
| and | |
| ROCHELLE BILAL, | |
| Defendants. | |

## I.     PRELIMINARY STATEMENT

Conrad O'Brien PC ("Conrad O'Brien" or "the Firm") seeks leave of this Court to withdraw as counsel for Defendant Anthoneé Patterson under Local Rule 5.1(c) and Rule 1.16 of the Pennsylvania Rules of Professional Conduct.  As set forth in more detail below, Conrad O'Brien seeks to withdraw because the Firm has not been paid its attorneys' fees for its representation of Bishop Patterson in this Court, and there is no reasonable assurance of payment for fees already due or for future billable time incurred.

## II.    ARGUMENT

### A.     Legal Standard

Local Rule 5.1(c) provides that "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party."  The decision to grant a motion to withdraw rests within the Court's discretion.  *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir. 1986).  A court may grant a request to withdraw if it is made "consistent with the rules of professional conduct."  *See Tyler v. U.S. Airways, Inc.*, No. CIV.A. 13-5679, 2014 WL 543550, at *1 (E.D. Pa. Feb. 10, 2014).

Among other grounds, Pennsylvania's Rules of Professional Conduct provide that a lawyer may withdraw "if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Rule 1.16(b)(6).  Similarly, withdraw is permissible if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."  Rule 1.16(b)(5)).

### B.     Conrad O'Brien Has Valid Grounds to Withdraw

Conrad O'Brien previously moved to withdraw representing to the Court that it has not been paid fees dues to it for any of the work it has performed in the District Court, and that it has no reasonable assurance of payment of that balance or for the substantial work that would be necessary to defend the action going forward.  None of the parties to this action, including Bishop Patterson, objected to the request to withdraw.  Conrad O'Brien entered this matter to assist Bishop Patterson on an emergency basis in response to the filing of a Motion for Temporary Restraining Order & Preliminary Injunction.  Now that the preliminary injunction phase of this case has concluded, the case remains in its initial stages.  Again, Conrad O'Brien represents that there is no realistic prospect that it will be paid for the substantial work it has already performed and the work that would be necessary to defend this lawsuit from the pleadings through discovery and trial.  Conrad O'Brien is a 27- lawyer litigation firm and would be substantially burdened by being required to litigate the entirety of a complex litigation such as this without payment.

In its January 21, 2022 Order denying Conrad O'Brien's prior motion to withdraw [Doc. 42], the Court noted that Conrad O'Brien did not supply "documentation supporting its position that continued representation will result in unreasonable financial burden (e.g., Conrad O'Brien has not shown the amount of unpaid legal fees it has incurred to date)."  Conrad O'Brien filed its previous motion mindful of the confidentiality obligations it owes to Bishop Patterson under PA Rule of Prof. Resp. Rule 1.6, and is guided by the American Bar Association's 2016 Formal Opinion 476, "Confidentiality Issues when Moving to Withdraw for Nonpayment of Fees in Civil Litigation" ("ABA Formal Op. 476").  A copy of ABA Formal Op. 476 is attached to this submission as Exhibit A.  The ABA cautions attorneys to provide no more information than is necessary to establish the grounds for withdrawal and recommends the following approach:

2

> (1) initially submit a motion providing no confidential client information apart from a reference to "professional considerations" or the like;
>
> (2) upon being informed by the court that further information is necessary, respond, when practicable, by seeking to persuade the court to rule on the motion without requiring the disclosure of confidential client information, asserting all non-frivolous claims of confidentiality and privilege; and if that fails;
>
> (3) thereupon under Rule 1.6(b)(5) submit only such information as is reasonably necessary to satisfy the needs of the court and preferably by whatever restricted means of submission, such as *in camera* review under seal, or such other procedures designated to minimize disclosure as the court determines is appropriate.

*Id.* at 9.  Consistent with the ABA's recommended approach, Conrad O'Brien has already filed a motion providing limited information to support its grounds for withdrawal under Rule 1.16. Accordingly, Conrad O'Brien will next attempt to persuade this Court that further information is not necessary; but to the extent this Court disagrees, Conrad O'Brien submits that it could only do so pursuant to an order directing counsel to submit additional information related to the balance already due to it for in camera review by this Court only.

**1.     No Further Information Is Necessary to Rule on the Motion to Withdraw**

Conrad O'Brien respectfully submits that its representation to this Court that it has not been paid its fees for any of the work it has performed in the District Court, and that it has no reasonable prospect of being paid either for that balance or for the substantial work the continued representation of Bishop Patterson would require, should be sufficient.  The Court's January 21, 2022 Order expresses a concern based on Conrad O'Brien's representation that it reached a separate agreement with Bishop Patterson for handling his Third Circuit appeal of this Court's March 19, 2021 Preliminary Injunction Order.  However, the separate engagement between Conrad O'Brien and Bishop Patterson for the appeal to the Third Circuit has little bearing on the

3

non-payment for its representation of Bishop Patterson in the emergency proceedings before the District Court, and the lack of prospects for payment in continuing the representation through the remainder of a case that is in the initial stages.

Without disclosing the details of the arrangement made for appellate representation, counsel can represent that the amount of work necessary for the appeal (in which the legal arguments were extensively briefed in the District Court) was *substantially* less than the amount of work already performed in the District Court and the amount of work that would be required moving forward through pleadings, discovery and trial. Finally, in response to the Court's concern over whether the firm will be involved in any additional appellate work, including a potential petition to the U.S. Supreme Court, Conrad O'Brien will not be representing Bishop Patterson in any appeals of this case moving forward.

Based on the forgoing information, this Court should grant counsel's motion to withdraw. There is no prejudice to Patterson or the parties. Patterson is not entitled to the free assistance of counsel in a civil case, and this is not a scenario where withdrawal will create an undue delay in the proceedings given the current stage of the litigation, where there are no pending motions and no deadlines have been set by the Court. *See Buschmeier v. C&G Investments, Inc.*, 222 F. App'x 160, 164 (3d Cir. 2007) (reversing denial of motion to withdrawal where client failed to pay over $100,000 in fees and expenses); *Reynolds v. Driscoll Mach., Inc.*, No. CIV. 89-3536, 1991 WL 175467, at *1 (E.D. Pa. Sept. 4, 1991) (granting motion to withdraw for non-payment of fees even though motion was filed "on the brink of trial," reasoning that "[f]ailure to make significant payments since November 1989, with no reasonable likelihood of being able to make payments in the near future, constitutes good cause for counsel's motion to withdraw."); *Lincoln Ave. Indus. Park v. Norley*, 677 A.2d 1219, 1220 n.1 (Pa. Super. 1996) (noting that an

4

application to withdraw is appropriate where clients "failed to make any payment for legal fees and are without reasonable prospect of being able to pay in the future.").

### 2.    If the Court Continues to Believe Additional Information is Necessary, it Should Direct the In Camera Submission of Information

As an initial matter, please note that Bishop Patterson objects to the submission of his billing/payment history to the Court, even for in camera review.  Because this case is an equitable proceeding in which the Court will act as the fact-finder, there may be heightened confidentiality concerns.  Nevertheless, if this Court orders additional information to be provided, certain safeguards should be observed.  ABA Formal Op. 476 addresses the circumstance in which a Court requires more information to evaluate an attorney's request to withdraw for non-payment as follows:

> If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it *and appropriate protective orders or other arrangements* should be sought by the lawyer to the fullest extent practicable." Thus, Comment [16] anticipates the use of *in camera* submissions for disclosures where any of Rule 1.6(b)'s exceptions may apply. The situation is similar to discovery disputes over claims of privilege, whereby competing claims are often resolved by a court's review *in camera* of the documents at issue and such procedures can help reconcile the competing issues involved in ruling on motions to withdraw as well.

*Id.* at 8 (emphasis in original).  Accordingly, although Bishop Patterson objects to disclosure of further information and Conrad O'Brien submits that disclosure of specific information about the balance owed is not necessary, to the extent the Court disagrees, Conrad O'Brien respectfully requests that this Court enter an order directing counsel to produce for in camera review only the information the Court believes is necessary to evaluate counsel's request to withdraw for non-payment.  As ABA Formal Op. 476 makes clear, in camera review is warranted because

"[o]pposing counsel and parties do not have the same unconditional or unrestricted right to all information relating to a motion to withdraw as they would with other motions." *Id.* at 7 n.16.

## III.     CONCLUSION

For the forgoing reasons, Conrad O'Brien respectfully requests that the Court grant its motion to withdraw.

<u>s/ Kevin Dooley Kent</u>
Kevin D. Kent, Esquire (I.D. No. 85962)
Andrew S. Gallinaro, Esquire (I.D. No. 201326)
CONRAD O'BRIEN PC
Centre Square, West Tower
1500 Market Street, Suite 3900
Philadelphia, PA  19102-2100
215.864.9600

*Attorneys for Defendant*
*Anthoneé Patterson*

Date: January 28, 2022

# EXHIBIT A

# AMERICAN BAR ASSOCIATION

STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 476**                                       **December 19, 2016**

**Confidentiality Issues when Moving to Withdraw for Nonpayment of Fees in Civil Litigation**

*In moving to withdraw as counsel in a civil proceeding based on a client's failure to pay fees, a lawyer must consider the duty of confidentiality under Rule 1.6 and seek to reconcile that duty with the court's need for sufficient information upon which to rule on the motion. Similarly, in entertaining such a motion, a judge should consider the right of the movant's client to confidentiality. This requires cooperation between lawyers and judges. If required by the court to support the motion with facts relating to the representation, a lawyer may, pursuant to Rule 1.6(b)(5), disclose only such confidential information as is reasonably necessary for the court to make an informed decision on the motion.*

## Withdrawal from a Civil Matter Based on a Client's Failure to Pay Fees[1]

Model Rule 1.16 addresses a lawyer's duties and responsibilities when withdrawing from the representation of a client. Rule 1.16(a) sets forth the circumstances when a lawyer is required to withdraw, and Rule 1.16(b) describes the circumstances when a lawyer may be permitted to withdraw from a representation.[2] Among the permissive reasons, Rule 1.16(b)(5) provides that a lawyer may withdraw from representing a client when "the client substantially fails to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Comment [8] to the Rule states:

---

1. This opinion does not address the additional and unique issues raised when a lawyer seeks to withdraw from representation in a criminal matter. The opinion is based on the ABA Model Rules of Professional Conduct as amended by the ABA House of Delegates through February 2016. The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling.

2. Rule 1.16, paragraphs (a) and (b) read:

 (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

    (1) the representation will result in violation of the Rules of Professional Conduct or other law;

    (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

    (3) the lawyer is discharged.

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

    (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (3) the client has used the lawyer's services to perpetrate a crime or fraud;

    (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

    (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

    (7) other good cause for withdrawal exists.

"A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs . . . ."  In addition, Rule 1.16(b)(6) provides that a lawyer may withdraw where "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."  As the courts have decided in the cases cited below, if a client fails over time to pay a lawyer's fees, and that failure continues after a lawyer provides a reasonable warning to the client, the lawyer may be permitted to withdraw.[3]  In effectuating a withdrawal, a lawyer should do so in a manner that minimizes any prejudice to the client.[4]

### The Duty of Confidentiality in Moving to Withdraw, Generally

A permissive withdrawal under Rule 1.16(b) is subject to the requirements of Rule 1.16(c).  Rule 1.16(c) provides that when representing a client in a matter before a tribunal,[5] a lawyer must comply with the applicable law of the tribunal in seeking to withdraw.[6]  Under the rules of most courts, a motion to withdraw is required when a substitute lawyer does not simultaneously enter an appearance.[7]

In preparing a motion to withdraw a lawyer must consider how the duty of confidentiality under Rule 1.6 may limit the information that can be disclosed in the moving papers.[8]  Under Rule

---

3. *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 32(g) cmt. k (2000).  *Cf.* Brandon v. Belch, 560 F.3d 536, 538 (6th Cir. 2009).

4. MODEL RULES OF PROF'L CONDUCT R. 1.16(d) (2016).  *See also* RONALD E. MALLEN, LEGAL MALPRACTICE § 33.71 (2016).

5. "Tribunal" is defined in Rule 1.0(m), and "denotes a court, an arbitrator in a binding arbitration proceeding or a legislative body, administrative agency or other body acting in an adjudicative capacity.  A legislative body, administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal judgment directly affecting a party's interests in a particular matter."

6. ABA Model Rule 1.16(c) states: "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

7. *See, e.g.*, ARIZ. R. CIV. P. 5.1(b)(2); CAL. R. APP. P. 8.36; D.C. SUP. CT. R. CIV. P. 101(c); FLA. R. JUD. ADMIN. 2.060; ILL. R. CIV. P. 13; MASS. R. CIV. P. 11(c); N.D. CT. R. 11.2; VA. R. CIV. P. 1:5.   Under ABA Model Rule 3.4(c), it is ethical misconduct for a lawyer to "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

8. ABA Model Rule 1.6, titled "Confidentiality of Information," provides as follows:

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:

(1) to prevent reasonably certain death or substantial bodily harm;

(2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;

(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;

(4) to secure legal advice about the lawyer's compliance with these Rules;

(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond

1.6(a), the duty of confidentiality applies broadly to "information relating to the representation," unless the client provides "informed consent," disclosure is "impliedly authorized to carry out the representation," or one of the enumerated exceptions in Rule 1.6(b) applies.  The exceptions in paragraph (b) permit disclosures only "to the extent the lawyer reasonably deems necessary" to address the purpose of a particular exception.  *See* Rule 1.6 Comment [16].[9]  For example, in *In re Gonzalez*, 773 A.2d 1026 (D.C. 2001), the respondent was given an informal admonition, not for informing the court that fees were owed by the client, but for also disclosing extraneous and embarrassing client information in connection with the motion.  Accordingly, when in doubt, a lawyer should err on the side of non-disclosure.

The more difficult question is when is a lawyer permitted to disclose *any* confidential client information in filing a motion to withdraw, and if so, how much.  The tension between a lawyer's obligation to provide the court with sufficient facts to rule on a motion and the lawyer's duty of confidentiality has been characterized in one treatise as "a procedural problem that has no fully satisfactory solution."[10]  Ultimately, however, lawyers wishing to withdraw must choose some manner in which to phrase their request for relief.[11]

**The Duty of Confidentiality in Motions to Withdraw For Unpaid Legal Fees**

Neither Rule 1.6(b) nor the Comments expressly refer to motions to withdraw for unpaid fees.  The Comments do, however, recognize that some disclosure of confidential client information otherwise protected by Rule 1.6(a) is permitted in fee-collection suits by lawyers,

---

to allegations in any proceeding concerning the lawyer's representation of the client;

(6) to comply with other law or a court order; or

(7) to detect and resolve conflicts of interest arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.

(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

9. ABA Model Rule 1.6, Comment [16] states: "Paragraph (b) permits disclosure only to the extent the lawyer reasonably believes disclosure is necessary to accomplish one of the purposes specified…In any case, a disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to accomplish the purpose.  If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable."

10. Geoffrey C. Hazard Jr., W. William Hodes & Peter R. Jarvis, The Law of Lawyering § 21.16 (4th ed. 2015).  *See also* Byrd v. Mahaffey, 78 P.3d 671, 676 (Wyo. 2003) ("[A]n artful balance between confidentiality and providing an adequate basis for withdrawal must be maintained by counsel requesting to withdraw.").

11. In ABA Formal Opinion 92-366, the Committee discussed the possibility of a "noisy withdrawal" to avoid assisting client misconduct.  That Opinion was issued under a prior version of the Model Rules that did not include exceptions for disclosures to prevent or rectify client crime or fraud in furtherance of which the client used the lawyer's services.  Currently, ABA Model Rule 1.6(b)(2) and (b)(3) expressly permit such disclosures.

based on the "claim or defense" exception in Rule 1.6(b)(5).[12]  Similarly, motions to withdraw based on a client's failure to pay fees are generally grounded in the same basic right of a lawyer to be paid pursuant to the terms of a fee agreement with a client.  Nonetheless, courts have differed widely as to whether any specific information regarding a lawyer's reasons for seeking withdrawal is required in a motion to withdraw, and if so, how much.

Comment [16] to Rule 1.6 provides that a lawyer may disclose information under 1.6(b) only "to the extent the lawyer reasonably believes the disclosure is necessary to accomplish one of the purposes specified."  In support of the idea that specific information should not be required with respect to a motion to withdraw for nonpayment of legal fees, Comment [3] to Rule 1.16 states:

> The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation.  The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.  Lawyers should be mindful of their obligations to both clients and the court under Rule 1.6 and 3.3.

*See also* N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Advisory Op. 1057 (2015), 2015 WL 4592234, at *3 ("the Rules anticipate that the court will usually not demand the disclosure of confidential information if the lawyer advises the court that 'professional considerations' require withdrawal").

Notwithstanding this authority, however, many courts have issued decisions that recite details as to the money owed by the clients, the specific legal services performed and related facts, indicating that the court required more from the lawyer than just a statement that the motion to withdraw was motivated by "professional considerations."  While the courts in the following cases did not address a lawyer's duty of confidentiality, the decisions demonstrate that these courts found such details pertinent to their assessment of the motions.  *See, e.g.*, *In re Franke*, 55 A.3d 713, 724 (Md. Ct. Spec. App. 2012) (vacating trial court's denial of attorney's motion to withdraw based

---

12. ABA Model Rule 1.6(b)(5) permits disclosures  "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and a client." Comment [11] states:  "A lawyer entitled to a fee for services rendered is permitted by paragraph (b)(5) to prove the services rendered in an action to collect it.  This aspect of the rule expresses the principle that the beneficiary of a fiduciary relationship may not exploit it to the detriment of the fiduciary."  *See also* the RESTATEMENT (THIRD) OF LAW GOVERNING LAWYERS § 65, stating:  "A lawyer may use or disclose confidential information relating to the representation when and to the extent that the lawyer reasonably believes necessary to permit the lawyer to resolve a dispute with a client concerning compensation or reimbursement that the lawyer reasonably claims the client owes the lawyer."

on client's nonpayment of $120,000 in unpaid fees as an abuse of discretion and as wrongly causing attorney "to provide free legal services"); *Team Obsolete Ltd. v. A.H.R.M.A. LTD.*, 464 F. Supp. 2d 164 (E.D.N.Y. 2006) (granting motion to withdraw based on supporting affidavit filed under seal revealing that the moving law firm had a dispute with their client regarding unpaid legal fees); *King v. NAID Inflatables of Newport, Inc.*, 11 A.3d 64, 67 (R.I. 2010) (the Supreme Court of Rhode Island, with the benefit of an *amicus* brief from the Rhode Island Bar Association, reversed the trial court's denial of a motion to withdraw by a law firm filed before trial, stating that "the hearing justice did not accord adequate weight to the financial burden that would befall [the law firm] if [it] were required to continue to represent a nonpaying client."); *Brandon v. Blech*, 560 F.3d 536, 538-39 (6th Cir. 2009) (reversing trial court's denial of motion to withdraw for a client's nonpayment of fees, stating: "As other circuits recognize, compelling attorneys to continue representing clients who refuse to pay imposes a severe burden" (quoting then from *Rivera-Domenich v. Calvesbert Law Offices PSC*, 402 F.3d 246, 248 (1st Cir. 2005)); *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (reversing the denial of a motion to  withdraw by a law firm that was owed more than $470,000 in fees, stating that it was "difficult to see why [the law firm] should be obliged to provide them free legal services"); *Reed Yates Farms, Inc. v. Yates*, 526 N.E.2d 1115, 1121 (Ill. App. Ct. 1998) (upholding trial court's granting of a motion to withdraw, stating:  "If during the course of litigation attorney fees are not paid when due, an attorney may demand payment of accrued fees and withdraw from the case if the fees are not paid in a reasonably time." [internal citation omitted]); *City of Joliet v. Mid-City Nat'l Bank of Chi.*, 998 F. Supp. 2d 689, 694 (N.D. Ill. 2014) (granting motion to withdraw by lawyers who were owed more than $5 million in fees, explaining that "to force unwilling attorneys to labor free of charge in a civil case where parties are not entitled to free representation is not in the interests of justice").

In *Team Obsolete Ltd. v. A.H.R.M.A. LTD.*, 464 F. Supp. 2d 164 (E.D.N.Y. 2006), the moving lawyer provided the reasons for the motion by submitting an affidavit *in camera*. Opposing counsel sought to unseal the affidavit. The court granted the motion to withdraw for nonpayment and denied the motion to unseal, but expressly ruled that the opposing party was entitled to know that the motion was based on an assertion that the client had failed to pay the agreed-upon fees, stating that it "hereby informs" [the opposing parties] "that the basis for

[movant's] motion to withdraw is a dispute regarding AHRMA's failure to pay its legal bills." *Id.* at 165.[13]

Thus, when filing a motion to withdraw a lawyer often will not know whether the court will accept the assertion that "professional considerations" warrant withdrawal, or whether the court will require more information. Under the narrow facts of this opinion, when a judge has sought additional information in support of a motion to withdraw for failure to pay fees, Rule 1.6(b)(5) authorizes the lawyer to disclose information regarding the representation of the client that is limited to the extent reasonably necessary to respond to the court's inquiry and in support of that motion to withdraw. We turn now to the issues facing judges who are called upon to rule on motions to withdraw based on unpaid fees.

**The Judicial Inquiry With Respect to Such a Motion**

In ruling on a motion to withdraw, judges seek to balance their need for information about the facts underlying the motion with the client's right to confidentiality.[14] In Formal Opinion 93-370, this Committee addressed the need for judicial sensitivity to lawyers' duty of confidentiality in the context of pretrial settlement discussions with judges, stating: "The judge should be sensitive to these ethical constraints on counsel and sensitive as well to the superior position of authority the judge enjoys with respect to the lawyer . . . ."[15] This need for judicial sensitivity applies as well when the judge is considering a motion to withdraw.

Trial courts have wide discretion when ruling on motions to withdraw. In addition to considering a lawyer's reasons for seeking to withdraw, trial courts also have a duty to consider such matters as the likely impact of a withdrawal on the parties and on the court's control over its calendar. *See generally Laster v. D.C.*, 460 F. Supp. 2d 111, 113 (D.C. 2006) ("[C]ourts may consider the disruptive impact that the withdrawal will have on the prosecution of the case."); *In re Kiley*, 947 N.E.2d 1, 7 (Mass. 2011) ("[T]he judge did not abuse his discretion in refusing to

---

13. As also indicated in *Team Obsolete*, the procedural rules in that court require that motions to withdraw be accompanied by facts showing a sufficient basis to grant the motion. Local Civil Rule 1.4 of the U.S. District Court for the Eastern District of New York, states that motions to withdraw "may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Team Obsolete Ltd. v. A.H.R.M.A. LTD., 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006).

14. The Model Code of Judicial Conduct provides only broad based guidance on this matter. Model Code of Judicial Conduct R. 2.5(A) states: "A Judge shall perform judicial and administrative duties, competently and diligently." Comment [4] to Model Code of Judicial Conduct R. 2.5 states that "[i]n disposing of matters promptly and efficiently, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases in ways that reduce or eliminate dilatory practices, avoidable delays and unnecessary costs."

15. ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 93-370, at 4 (1993).

release the Kiley firm from the representation where the case was already three years old, discovery was delayed, and no successor counsel could be found."); *Brandon,* 560 F.3d at 538 (discussing topics of strategically timed or coercive behavior, prejudice); *McDonald v. Shore*, 953 N.Y.S.2d 650, 651 (App. Div. 2012) ("Generally, where the insurer of a defendant in a personal injury action issues a contested disclaimer of coverage in the midst of litigation, it is inappropriate to grant a motion to withdraw by the attorney the insurer has provided for that defendant.")   In some jurisdictions the procedural rules provide criteria for the court to consider in ruling on motions to withdraw.  *See In re Franke*, 55 A.3d at 722 (quoting Rule 2-132(b) of the Maryland Rules of Civil Procedure, permitting a court to deny a motion to withdraw "if withdrawal of the appearance would cause undue delay, prejudice, or injustice.").  *See also Team Obsolete*, 464 F. Supp. 2d at 1662 (Local Civil Rule 1.4.).

In some instances, such as when a motion to withdraw is filed early in a case, a court's decision may be relatively straightforward.  In other cases, such as when a matter is complex, extensive discovery has been conducted, and the trial date is approaching, a court's decision may be more difficult.  To accommodate the individual facts of any particular case, the scope of information that may be deemed pertinent to a particular withdrawal motion is necessarily one that is left to the trial judge's discretion under applicable law.

As with settlement negotiations, judges should recognize the ethical constraints on lawyers who move to withdraw, and work with the lawyers to obtain the information needed to rule on the motion while cognizant of the lawyer's duties under Rule 1.6.  In some instances, judges may conclude that the procedural history and status of the case is sufficient to decide the motion without further inquiry.  Or a judge may consider asking the lawyer merely to assure the court that the motion is brought in good faith and without purpose of undue delay.  A judge should not require the disclosure of confidential client information without considering whether such information is necessary to reach a sound decision on the motion.  When a judge decides that confidential information is required, the judge should consider whether there are ways to reduce or mitigate harm to the client.  For example, in *Gonzalez*, the court noted that two means of mitigation are to direct that the disclosures be made under seal and *in camera* [16] and for sensitive or unnecessary

---

16. By "*in camera*" we mean a submission only to the court under seal, to be reviewed in chambers, with a copy to the client.  While opposing counsel or opposing parties do not receive copies of the *in camera* submission, they are nonetheless generally aware that it has been submitted.  Opposing counsel and parties do not have the same unconditional or unrestricted right to all information relating to a motion to withdraw as they would with other motions.  S*ee* MALLEN, *supra* note 4 (noting that "The adverse party's interest in the submission usually is unrelated to the litigation of the merits and not sufficient to warrant

information to be redacted.[17]   Another option available to the court is to issue a protective order. As discussed below, these approaches, while sometimes useful, will not be appropriate in every case, nor are they "silver bullets" that resolve all issues.

**Limiting Disclosures to Mitigate Harm to Clients**

Comment [16] to Rule 1.6 provides that disclosures under Rule 1.6(b) are permitted only to the extent the lawyer reasonably believes necessary to accomplish the purpose specified.  Of course, where practicable, a lawyer should first seek to persuade the client to take suitable action to remove the need for the lawyer's disclosure.  When such persuasion is not practicable or successful, and disclosure of some confidential information is required, "If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it *and appropriate protective orders or other arrangements* should be sought by the lawyer to the fullest extent practicable."[18]   Thus, Comment [16] anticipates the use of *in camera* submissions for disclosures where any of Rule 1.6(b)'s exceptions may apply.  The situation is similar to discovery disputes over claims of privilege, whereby competing claims are often resolved by a court's review *in camera* of the documents at issue and such procedures can help reconcile the competing issues involved in ruling on motions to withdraw as well.

But while *in camera* submissions are a useful tool, a lawyer's disclosure of client information *in camera* is itself a form of "revealing" under Rule 1.6.  It is therefore generally not sufficient under Rule 1.6 for a lawyer to proceed in the first instance by providing confidential information *in camera*, without first attempting to file a withdrawal motion with a formulaic reference to "professional considerations" or a similar term as the grounds for the motion, as suggested in Comment [3] to Rule 1.16.  At that point the trial court might grant the motion without

---

disclosure.").  While some may suggest that such submissions violate Model Code of Judicial Conduct Rule 2.9, prohibiting judges from engaging in substantive *ex parte* communications, the Committee does not believe that such *in camera* submissions, when made with full knowledge of the opposing party, are an *ex parte* communication and thus, they do not fall within that prohibition. "An *ex parte* communication is one that excludes any party who is legally entitled to be present or notified of the communication and given an opportunity to respond." ANNOTATED MODEL CODE OF JUDICIAL CONDUCT 176 (2d ed. 2011).  The prohibition on *ex parte* communications in MCJC Rule 2.9 is directed mainly to surreptitious contacts of which an adversary has no notice or awareness.

17. The *Gonzalez* court implied that the lawyer's disclosure of information relating to the fee claim, if done *in camera* and with certain redactions, would not have violated Rule 1.6, stating:  "[W]e agree with the Board [on Professional Responsibility] that Gonzalez could have submitted his documentation in camera, and that he could also have made appropriate redactions of the material most damaging to his client . . . ."  *In re Gonzalez*, 773 A.2d 1026, 1032 (D.C. 2001).

18. MODEL RULES OF PROF'L CONDUCT R. 1.6 cmt. 16 (2016) (emphasis added).

further inquiry; it might state that a motion will be denied absent further information; it might request further information; or it may order the lawyer to provide further information.

Thus, in order to comply with Rule 1.6, a lawyer who has a good faith basis for withdrawal under Rule 1.16(b)(5) and/or 1.16(b)(6), and who complies with the applicable procedural prerequisites of the court for such motions, could: (1) initially submit a motion providing no confidential client information apart from a reference to "professional considerations" or the like;[19] (2) upon being informed by the court that further information is necessary, respond, when practicable, by seeking to persuade the court to rule on the motion without requiring the disclosure of confidential client information, asserting all non-frivolous claims of confidentiality and privilege; and if that fails; (3) thereupon under Rule 1.6(b)(5) submit only such information as is reasonably necessary to satisfy the needs of the court and preferably by whatever restricted means of submission, such as *in camera* review under seal, or such other procedures designated to minimize disclosure as the court determines is appropriate. If the court expressly orders the lawyer to make further disclosure, the exception in Rule 1.6(b)(6) for disclosures required to comply with a court order will apply, subject to the lawyer's compliance with the requirements of Comment [15].[20]

We consider here disclosures only in the context of a motion to withdraw in a civil case based on a client's failure to pay a lawyer's fees. Given the competing rights and responsibilities implicated in such motions, these steps should satisfy a lawyer's ethical duties under Rule 1.6. If a motion to withdraw is based on grounds other than a failure to meet financial obligations, other Rules and principles may apply.

As stated in the Scope section of the Model Rules, "The Rules of Professional Conduct are rules of reason."[21] The Scope section also states: "The Rules presuppose a larger legal context shaping the lawyer's role. That context includes court rules, statutes relating to matters of

---

19. Of course a lawyer can recite her compliance with procedural steps, such as prior notice to the client, and can recite the procedural history and status of the case as reflected on the docket and the court's file.

20. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 473 (2016), relating to a lawyer's duties when responding to a subpoena or compulsory process to provide privileged information. *See also* Oregon Formal Op. 2011-185 (2011), 2011 WL 11741926, at *2 (Lawyer may reveal information relating to the representation of Client under Oregon RPC 1.6(b)(5), but may only do so to the extent "reasonably necessary" to comply with the court order.) The court's mere statement that the motion will not be granted absent more information is not "a court order" and does not trigger the exception under Rule 1.6(b)(6) until the lawyer has taken steps to prevent or limit disclosure of confidential information.

21. MODEL RULES OF PROF'L CONDUCT, Scope [14] (2016).

licensure, law defining specific obligations of lawyers and substantive and procedural law in general."[22]

## Conclusion

In moving to withdraw as counsel in a civil proceeding based on a client's failure to pay fees, a lawyer must consider the duty of confidentiality under Rule 1.6 and seek to reconcile that duty with the court's need for sufficient information upon which to rule on the motion. Similarly, in entertaining such a motion, a judge should consider the right of the movant's client to confidentiality. This requires cooperation between lawyers and judges. If required by the court to support the motion with facts relating to the representation, a lawyer may, pursuant to Rule 1.6(b)(5), disclose only such confidential information as is reasonably necessary for the court to make an informed decision on the motion.

---

22. *Id.* at [15].

---

**AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY**
321 N. Clark Street, Chicago, Illinois 60654-4714 Telephone (312) 988-5328
CHAIR: Myles V. Lynk, Tempe, AZ ■ John M. Barkett, Miami, FL ■ Arthur D. Burger, Washington, DC ■ Wendy Wen Yun Chang, Los Angeles, CA ■ Robert A. Creamer, Cambridge, MA ■ Hon. Daniel J. Crothers, Bismarck, ND ■ Keith R. Fisher, Arlington, VA ■ Douglas R. Richmond, Chicago, IL ■ Hope Cahill Todd, Washington, DC ■ Allison Wood, Chicago, IL

**CENTER FOR PROFESSIONAL RESPONSIBILITY:** Dennis A. Rendleman, Ethics Counsel; Mary McDermott, Associate Ethics Counsel

©2016 by the American Bar Association. All rights reserved.