## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE TRUSTEES OF THE GENERAL | : | |
| ASSEMBLY OF THE CHURCH OF THE | : | |
| LORD JESUS CHRIST OF THE | : | |
| APOSTOLIC FAITH, INC. | : | |
| 701 South 22nd Street | : | |
| Philadelphia, PA  19146 | : | No. 21-CV-00634 |
| and | : | |
| CHURCH OF THE LORD JESUS CHRIST | : | |
| OF THE APOSTOLIC FAITH | : | |
| 701 South Street | : | |
| Philadelphia, PA  19146 | : | |
| Plaintiffs | : | |
| vs. | : | |
| | : | |
| ANTHONEE PATTERSON | : | |
| 1544 West 25th Street | : | |
| Jacksonville, FL  32209 | : | |
| and | : | |
| ROCHELLE BILAL, in her official capacity as | : | |
| Sheriff of Philadelphia County | : | |
| 100 South Broad Street, 5th Floor | : | |
| Philadelphia, PA  19110 | : | |
| Defendants | | |

## DEFENDANT SHERIFF BILAL'S BRIEF IN SUPPORT OF MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ...................................................................................................... 1

III.    LEGAL ARGUMENT ............................................................................................. 3

    a.   Standard of Review.............................................................................................. 3

    b.   Plaintiffs Lack Standing Because the Claims Against the Sheriff Are Too Speculative to Establish a Right to the Relief They Seek.................................................................. 4

    c.   *Monell* Liability ................................................................................................. 7

IV.    CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397 (1997)..........................................9

*Beck v. City of Pittsburgh*, 89 F.3d 966 (3d Cir. 1996) ..................................................................9

*Berg v. Cnty. of Allegheny*, 219 F.3d 261 (3d Cir. 2000) ...............................................................9

*Byars v. Sch. Dist. of Philadelphia*, 942 F. Supp. 2d 552 (E.D. Pa. 2013)...................................7

*Clapper v. Amnesty Intern., USA*, 568 U.S. 398 (2013) .................................................................5

*Collins v. City of Harker Heights*, 503 U.S. 115 (1992).............................................................10

*Connick v. Thompson,* 563 U.S. 51 (2012) ...................................................................................10

*Constitution Party of Pa. v. Cortes*, 433 F. App'x 89 (3d Cir. May 19, 2011) .............................6

*Davis v. Wells Fargo*, 824 F.3d 333 (3d Cir. 2016).......................................................................3

*Hafer v. Melo*, 502 U.S. 21 (1991) ................................................................................................7

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235 (3d Cir. 2012)............................................................................................................................................4

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) ............................................................................4

*Los Angeles Cnty. v. Humphries*, 562 U.S. 29 (2010) ...................................................................8

*Mahoney v. Waldameer Park, Inc.,* No. CV 20-3960, 2021 WL 1193240 (E.D. Pa. Mar. 30, 2021)............................................................................................................................................3

*Mayer v. Belichick*, 605 F.3d 223 (3d Cir. 2010) ..........................................................................4

*McTernan v. City of York*, 564 F.3d 636 (3d Cir. 2009)................................................................9

*Monell v. Department of Social Services of the City of New York.* 436 U.S. 658 (1978)...........7, 8

*O'Shea v. Littleton*, 414 U.S. 488 (1974) .......................................................................................5

*Porter v. City of Philadelphia*, 975 F.3d 374 (3d Cir. 2020).......................................................9

*Renne v. Geary*, 501 U.S. 312 (1991) ............................................................................................4

*Rothermel v. Dauphin Cnty.*, No. 16-1669, 2020 WL 1490774 (M.D. Pa. Jan. 21, 2020)............6

*Save Ardmore Coalition v. Lower Merion Twp.*, 419 F. Supp. 2d 663 (E.D. Pa. 2005)................4

*Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293 (3d Cir. 2003) .................................6

*Thorne v. Pep Boys Manny Moe & Jack, Inc.*, 980 F.3d 879 (3d Cir. 2020) ................................5

*Watley v. Pennsylvania*, 516 F. Supp. 3d 423 (M.D. Pa. 2021).....................................................5

## Statutes

42 Pa. C.S. § 2921.......................................................................................................................7, 8

## Rules

Fed. R. Civ. P. 12(b)(1)..............................................................................................................1, 3

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

Pa. R.C.P. 3106..........................................................................................................................5, 8

## BRIEF OF DEFENDANT SHERIFF BILAL

### I.        INTRODUCTION

Defendant Rochelle Bilal, in her official capacity as Sheriff of Philadelphia County, by and through her undersigned counsel, hereby files this Memorandum of Law in Support of her Motion to Dismiss the Complaint for Lack of Standing under Federal Rule of Civil Procedure 12(b)(1) and Failure to State a Claim under Rule 12(b)(6).

This case comes to this Court after a long and tortured history between the Plaintiffs and Defendant Bishop Patterson, and at times, other Church-related entities. Until now, the Sheriff has been entirely unaware of the decades-long fight between these parties. By naming the Sheriff in the instant case, Plaintiffs attempt to foist an internal church battle on the Sheriff, even though the heart of the issue relates to a state court matter in which the Sheriff had no part. Nonetheless, because Bishop Patterson provided the Sheriff with a facially valid Writ of Possession for Church Property, Plaintiffs now include the Sheriff in this lawsuit in an attempt to solicit the Sheriff's interference with far ranging Church matters disputed between the parties.

As a matter of law, the Sheriff is not a proper party to this dispute. As a threshold matter, the harm that Plaintiffs allege is too speculative to confer standing for prospective relief against the Sheriff. Moreover, Plaintiffs fail to allege any policy or practice the Sheriff is carrying out that violates Plaintiffs' rights and allows suit against the Sheriff. Finally, the Sheriff will comply with any and all valid court orders issued by this Court (or any court of competent jurisdiction, for that matter) and does not need to be a party in order to do so.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs, the Trustees of the General Assembly of the Lord Jesus Christ of the Apostolic Faith, Inc., (the "Church Corporation") and the Church of the Lord Jesus Christ of the Apostolic Faith (the "Church") (collectively "Plaintiffs") filed their complaint in equity in this case on February 11, 2021. In their complaint, Plaintiffs named Rochelle Bilal, in her official capacity as Sheriff of Philadelphia County (the "Sheriff") and Anthonee Patterson ("Bishop Patterson"), (collectively "Defendants") as defendants. The complaint stems from a decades long dispute between Plaintiffs and Bishop Patterson over possession and leadership of the Church and Church corporation and its over 6,000 members.

In their complaint, Plaintiffs allege that Bishop Patterson, with the assistance of the Sheriff, may deprive Plaintiffs of their First, Fifth and Fourteenth Amendment rights by allowing Bishop Patterson to unconstitutionally take the church sanctuary and other property that belongs to Plaintiffs. (Plaintiffs' Complaint, ECF #1 ¶¶ 1-2). Specifically, Plaintiffs complain that Bishop Patterson obtained a Writ of Possession (the "Writ") to enter the church sanctuary and take control of the church. This Writ was obtained on November 23, 2020 and was set for execution on December 15, 2020. (Compl. ¶ 77). To date, the Writ has not been acted on and has since lapsed.

According to Plaintiffs, the Writ is invalid against Plaintiffs because they were not a party to the underlying state court action in which the Writ was issued. (Compl. ¶ 4). The Writ was predicated on a decision from the Philadelphia Court of Common Pleas which was instituted in 1995 (CCP Docket July Term 1995, No. 2945) (the "Patterson Action"). According to

---

[1] The facts as they related to the Sheriff are articulated below. Much of the factual background relates solely to Plaintiffs and Bishop Patterson.

Plaintiffs, a Pennsylvania Commonwealth Court decision issued in 2008 (the "GlassRatner Opinion") concluded that neither the Church Corporation nor the Church were parties to the Patterson Litigation. (Compl. ¶ 4). Plaintiffs argue that the Writ presented to the Sheriff for execution pursuant to the Patterson Action was invalid based on the GlassRatner Opinion. (Compl. ¶¶ 4-8).

The Sheriff has been pulled into this far-ranging suit simply because, on December 15, 2021, she began the process of executing a Writ that appeared valid on its face. (Compl. ¶¶ 3, 77, Ex. A).

The Sheriff takes no position as to whether Plaintiffs were a party to or joined in the Patterson Action. Instead, because a facially valid Writ was issued in the Patterson Action, it undertook its ministerial duty to execute that Writ on the property it described and, for the reasons articulated below, should face no liability for carrying out that ministerial duty.

Since the Complaint in this case was filed, the Writ has not been reissued and has not been served. *See generally* Compl. Plaintiffs allege no facts establishing an ongoing violation of law or the imminent risk of future harm to support their claims for prospective relief.

## III.    LEGAL ARGUMENT

### a.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss predicated on a lack of standing because "[s]tanding is a jurisdictional matter." *Mahoney v. Waldameer Park, Inc.,* No. CV 20-3960, 2021 WL 1193240, at *2 (E.D. Pa. Mar. 30, 2021) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim.  *In re Schering Plough Corp.*

*Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  It is well-settled that

the burden of establishing the federal court's jurisdiction always lies with the plaintiff.  *Save*

*Ardmore Coalition v. Lower Merion Twp.*, 419 F. Supp. 2d 663, 669 (E.D. Pa. 2005).  It is

"presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from

the record." *Renne v. Geary,* 501 U.S. 312, 316 (1991).

A complaint fails to state a claim under Rule 12(b)(6) if it does not "contain sufficient

factual allegations so as to state a facially plausible claim for relief." *Mayer v. Belichick*, 605

F.3d 223, 230 (3d Cir. 2010). The Court must "accept all factual allegations in the complaint as

true, [and] construe the complaint in the light favorable to the plaintiff," but "is not required to

accept legal conclusions alleged in the complaint." *Id.* at 229.  The question is whether the facts

alleged, even if true, fail to support the claim. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.

1993).

### b.  Plaintiffs Lack Standing Because the Claims Against the Sheriff Are Too Speculative to Establish a Right to the Relief They Seek.

Plaintiffs lack standing for the relief they seek. Plaintiffs allege only one instance of past

conduct that violated (or could have violated) their constitutional rights. Without support,

Plaintiffs claim that Bishop Patterson seeks to immediately enforce the Writ with the assistance

of the Sheriff. But the Sheriff will only enforce facially valid writs issued pursuant to valid

judgments. Indeed, the Sheriff cannot act as a pseudo-appellate reviewer of trial court decisions.

To claim, without specific facts, that the Sheriff will enforce an *invalid* writ at some point in the

future is a hypothetical harm insufficient to support standing.

"The familiar elements of Article III standing require a plaintiff to have (1) suffered an

injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that

is likely to be redressed by a favorable judicial decision." *Thorne v. Pep Boys Manny Moe & Jack, Inc.*, 980 F.3d 879, 885 (3d Cir. 2020) (citation omitted). "To plead an injury in fact, the party invoking federal jurisdiction must establish three sub-elements: first, the invasion of a legally protected interest; second, that the injury is both concrete and particularized; and third, that the injury is actual or imminent, not conjectural or hypothetical." *Id.* (citations and quotations omitted). To satisfy the third element of the injury-in-fact analysis, a "threatened injury must be certainly impending," with a "substantial risk that the harm will occur." *Id.* at 893 (quoting *Clapper v. Amnesty Intern., USA*, 568 U.S. 398, 409, 414 n.5 (2013)). And "previous[] expos[ure] to allegedly illegal conduct is not sufficient to establish standing." *Watley v. Pennsylvania*, 516 F. Supp. 3d 423, 429 (M.D. Pa. 2021) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).

Here, Plaintiffs allege a "highly attenuated chain of possibilities" to obtain prospective relief against the Sheriff. *Clapper*, 568 U.S. at 410. Taking the claims in the complaint as true, Plaintiffs fail to allege the specific actions the Sheriff has taken or will take to impose on Plaintiffs' constitutional rights. The latest Writ was issued on November 23, 2020 and was set for execution on December 15, 2020. (Compl. ¶ 77). To date, the Writ has not executed and has since lapsed. *See* Pa. R.C.P. 3106 (providing that a writ is only valid for ninety days). Thus, in order to affect the constitutional rights of Plaintiffs, the Sheriff would have to perform a series of speculative actions, relying initially on a third-party. First, Bishop Patterson would have to renew the Writ of Possession and then request that the Sheriff execute it. Next, the Sheriff would have to ignore the existence of this case and the preliminary injunction that challenges the underlying judgment on which the Writ would be issued and enforce it anyway. Finally, this Court would have to determine that the underlying judgment was unlawful. Plaintiffs' harm, predicated on the

hypothetical and attenuated actions that the Sheriff would have to undertake is far too speculative to confer standing.

Because "one cannot describe how the" Plaintiffs "will be injured without beginning the explanation with the word 'if,'" the prospective harm is "in reality, conjectural." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 297-98 (3d Cir. 2003). Where, as here, a hypothetical factual predicate must occur before the alleged harm is threatened, a plaintiff lacks standing until it occurs. *Constitution Party of Pa. v. Cortes*, 433 F. App'x 89, 94 (3d Cir. May 19, 2011). Plaintiffs' concern over the enforcement of a facially valid (but actually invalid) Writ is conjectural unless and until the Writ is renewed, Bishop Patterson seeks its enforcement, the Sheriff posts notice of its intent to execute the Writ, and the judgment underlying the Writ is actually found to be invalid as to the property at issue. Moreover, Plaintiffs face an issue of causation—it is the underlying judgment or the attempted enforcement of it by Bishop Patterson that they fear, not any unlawful act by the Sheriff. *See id.* at 93 (explaining that plaintiff's harm was not clearly linked through factual allegations to defendant's alleged conduct). Even if the Sheriff were to enforce a facially valid but actually invalid writ, the Sheriff is the *final* actor in the process and is, after assuring itself that the writ is facially valid, the actor least responsible for the violation at the end of the chain of causality.

As a practical matter, the Sheriff cannot be asked to second-guess decisions of the trial court which it is mandated by law to enforce. *See Rothermel v. Dauphin Cnty.*, No. 16-1669, 2020 WL 1490774, *15 (M.D. Pa. Jan. 21, 2020) (discussing that, in the context of a bench warrant, arresting officers cannot "embark on an independent evaluation" of probable cause because it would "undermine the judicial system's authority" and require factual investigation,

causing the officer to "reevaluat[e] the judge's predetermined probable cause"); 42 Pa. C.S. §
2921 (the Sheriff "shall . . . execute orders directed to him pursuant to law").

There is no risk that Plaintiffs' chain of possibilities comes to fruition or at least the harm
that they fear is not certain and, thus, they have failed to establish standing to seek prospective
relief.

### c. *Monell* Liability

Plaintiffs fail to plead a policy or custom of the Sheriff to enjoin as necessary to state a
claim against her. They invoke a single incident of past conduct that they allege could have
violated their rights, (Compl., ¶ 3), and gesture to the vague threat of Bishop Patterson's
"inten[tion]" to "enforce the [Writ] immediately." (Compl*.*, ¶ 3 n.1). But nowhere do Plaintiffs
identify a specific policy or custom of the Sheriff that has resulted or will result in violating their
constitutional rights. Indeed, the policy of the Sheriff is to enforce facially valid writs as issued
by a court of competent jurisdiction pursuant to state law, not to enforce writs issued pursuant to
invalid judgments or against non-parties. *See* 42 Pa. C.S. § 2921. Thus, Plaintiffs fail to state a
claim for the Sheriff's liability pursuant to *Monell v. Department of Social Services of the City of
New York.* 436 U.S. 658 (1978).

Plaintiffs have sued the Sheriff in her official capacity only. (Compl., ¶ 23). "Official-
capacity suits 'generally represent only another way of pleading an action against an entity of
which an officer is an agent,'" and "should be treated as suits against the governmental entity."
*Byars v. Sch. Dist. of Philadelphia*, 942 F. Supp. 2d 552, 569 (E.D. Pa. 2013) (quoting *Hafer v.
Melo*, 502 U.S. 21, 25 (1991)*. See also Monell v. Dep't of Social Servs. of the City of New York*,
436 U.S. 658, 690, n.55 (1978) (explaining that "official-capacity suits generally represent only
another way of pleading an action against an entity of which an officer is an agent").

Municipalities "can be sued directly under [section] 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," as well as for "practices of . . . officials" that are "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 690. And the "policy or custom" requirement of *Monell* "applies in [section] 1983 cases irrespective of whether the relief sought is monetary or prospective." *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 39 (2010).[2]

Here, Plaintiffs allege that "Patterson obtained a Writ of Possession" and that "Sheriff Bilal posted an Eviction Notice requiring that the Church be vacated by December 15, 2020 at 9 a.m." (Compl., ¶ 77). They also claim that "Patterson seeks to enforce" the Writ of Possession and Eviction Notice "through the assistance of Sheriff Bilal." (Compl., ¶ 102). Plaintiffs add that "Patterson, with the assistance of Sheriff Bilal, intends to enforce the Writ of Possession and Eviction Notice immediately," without support. (Compl., ¶ 3, n.1). But a writ of possession is only valid for ninety days under Pennsylvania law. Pa. R.C.P. 3106. While Defendant Patterson may renew the writ, the Sheriff only enforces writs pursuant to a valid judgment of possession. *See* 42 Pa. C.S. § 2921 ("The sheriff, either personally or by deputy, shall serve process and execute orders directed to [her] *pursuant to law*." (emphasis added)). Here, the Sheriff is merely complying with its lawful duty to enforce facially valid writs of possession.

---

[2] It is unclear if the Sheriff is a state or municipal official in this context. She is elected to a county-level position but carries out orders of the state courts, including the Writ of Possession at issue. Nonetheless, the analysis is the same regardless of whether the Sheriff is a Philadelphia or Pennsylvania official. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).

In this case, there is no allegation that the Sheriff has a policy, practice, or custom of enforcing *invalid* writs, or those subject to collateral challenge in pending cases. "A government policy or custom can be established in two ways." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citations omitted). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Id.* (quotation omitted). "A course of conduct is considered to be a 'custom' when, though not authorized by law, such practices of state officials [are] so permanent and well-settled as to virtually constitute law." *Id.* (citations omitted). Plaintiffs have failed to establish the existence of any policy or custom that violated or will violate their constitutional rights.

To survive a motion to dismiss, a plaintiff must plead facts that support the existence of a *specific* policy or custom. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). A recitation that a plaintiff's rights were violated due to "the City's policy of ignoring [specific constitutional] rights" is not sufficient. *Id.* After identifying the relevant policy or custom, if any, the court examines whether the policy or custom violates a constitutional right. *See, e.g., Porter v. City of Philadelphia*, 975 F.3d 374, 385-86 (3d Cir. 2020) (explaining that, "[h]aving identified the City's policy for the purposes of § 1983 liability, we next must determine the First Amendment principles applicable to speech at a mortgage foreclosure sheriff's sale").

Not only must a plaintiff identify a specific policy or custom, he must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 404 (1997)). Thus, the analysis for municipal liability proceeds in two steps: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so whether the [municipality] is responsible for that violation." *Collins v.*

9

*City of Harker Heights*, 503 U.S. 115, 120 (1992). That is, *Monell* plaintiffs must prove that

"action pursuant to official municipal policy caused their injury." *Connick v. Thompson,* 563

U.S. 51, 60-61 (2012) (citations omitted).

First, Plaintiffs fail to allege a specific policy or custom. There is no dispute that Sheriff

Bilal is a municipal decisionmaker who *can* establish the City's policy in certain respects, but

there is no allegation of a policy or custom that resulted in the past or will result in the certainly

impending violation of Plaintiffs' rights. Moreover, Plaintiffs fail to allege any conduct on the

part of the Sheriff or her deputies that is a product of City policy or custom. Even if they

identified a relevant policy or custom, they fail to assert that the Sheriff acted pursuant to that

policy or custom to cause the alleged violation.

The source of the alleged violation, according to Plaintiffs' complaint, is the underlying

state court judgment. Plaintiffs' assert violations of their First Amendment right to free exercise

of religion and the Fifth and Fourteenth Amendments right to due process of law and seek

declaratory and injunctive relief in the form of an injunction prohibiting the Sheriff from

enforcing the judgment of the state court. But Plaintiffs' allegations amount to an argument that

the *enforcement of the state court's decision* violates their free exercise of religion and due

process rights, *not any act or omission of the Sheriff or other City official*. (*See, e.g*., Compl., ¶¶

92, 98, 102, 103, 110, 118, 122). Plaintiffs' claims explicitly challenge the judgment of the state

court as "improper" and deem it "purported." (Compl., ¶¶ 118, 122). They do not challenge any

action of the Sheriff as unlawful, only raising the hypothetical and speculative fear that she will

enforce an *invalid* judgment through a writ of possession, discussed above.

The "policy" and "custom" of the Sheriff is to enforce facially valid state court orders.

And that is all that Plaintiffs allege the Sheriff was in the process of doing before they sued in

federal court. Plaintiffs have not alleged facts establishing that the Sheriff has a policy or custom of attempting to enforce writs that are not facially valid. Indeed, now that the validity of the underlying judgment is questioned, the Sheriff will not enforce any writ of possession issued pursuant to the judgment below until this Court renders a decision that the judgment remains valid. Thus, Plaintiffs fail to plead a claim for *Monell* liability against the Sheriff for her actions.

## IV.     CONCLUSION

For the forgoing reasons, Plaintiffs fail to assert a claim against the Sheriff and this Court should dismiss all claims against the Sheriff.

<div style="margin-left: 40%;">

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
Diana P. Cortes, City Solicitor

</div>

Date: June 24, 2022                    By: */s/ Amy Kirby*
                                         AMY KIRBY (PA ID No. 323938)
                                         Senior Attorney
                                         RYAN B. SMITH (PA ID No. 324643)
                                         Assistant City Solicitor
                                         Affirmative & Special Litigation
                                         CITY OF PHILADELPHIA LAW DEPARTMENT
                                         1515 Arch Street, 16th Floor
                                         Philadelphia, PA 19102
                                         Phone:  (215) 683-3566
                                         *Counsel for Defendant Sheriff*