## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC.<br>701 South 22nd Street<br>Philadelphia, PA 19146<br><br>and<br><br>CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH<br>701 South 22nd Street<br>Philadelphia, PA 19146, | CIVIL ACTION |
| Plaintiffs, | |
| v. | No. 21-634-KSM |
| ANTHONEE′ PATTERSON<br>1544 West 25th Street<br>Jacksonville, FL 32209<br><br>And<br><br>ROCHELLE BILAL, in her official capacity as Sheriff of Philadelphia County<br>100 South Broad Street, 5th Floor<br>Philadelphia, PA 19110, | |
| Defendants. | |

1

ANTHONEE' PATTERSON
1544 West 25th Street
Jacksonville, FL 32209, Individually and on behalf
of THE CHURCH OF THE LORD JESUS
CHRIST OF THE APOSTOLIC FAITH
701 South 22nd Street
Philadelphia, PA 19146,

                 Counterclaim-Plaintiff,

    v.

THE TRUSTEES OF THE GENERAL
ASSEMBLY OF THE CHURCH OF THE LORD
JESUS CHRIST OF THE APOSTOLIC FAITH,
INC.
701 South 22nd Street
Philadelphia, PA 19146,

                 Counterclaim-Defendants,

    and

ANTHONY LAMB, individually and in his role as
Trustee of the Church of the Lord Jesus Christ of
the Apostolic Faith,
701 South 22nd Street
Philadelphia, PA 19146,

JOHN CARLTON THOMAS, individually and in
his role as Trustee of the Church of the Lord Jesus
Christ of the Apostolic Faith,
701 South 22nd Street
Philadelphia, PA 19146,

JAMES BROWN, individually and in his role as
Trustee of the Church of the Lord Jesus Christ of
the Apostolic Faith,
701 South 22nd Street
Philadelphia, PA 19146,

LEON BLIGEN, individually and in his role as
Trustee of the Church of the Lord Jesus Christ of
the Apostolic Faith,
701 South 22nd Street
Philadelphia, PA 19146,

JOHNNY BROWN, ESQ., individually, in his role
as attorney, and in his role as Trustee of the
Church of the Lord Jesus Christ of the Apostolic
Faith,
701 South 22nd Street
Philadelphia, PA 19146,

MICHAEL TWERSKY, ESQ., individually and in
his role as attorney for The Trustees of the General
Assembly,
Fox Rothschild, LLP
2000 Market Street
Suite 2000
Philadelphia, PA 19103-7505

DANIELLE BANKS, ESQ. individually and in
her role as attorney for Kenneth Shelton,
individually and as General Overseer and
President of the board of Trustees,
Stradley Ronon Steven & Young
2005 Market Street
Suite 2600
Philadelphia, PA 19103

ROBERT A. BURKE, ESQ, individually and in
his role as attorney for the General Assembly and
Trustees Ad Litem
MacElree Harvey
17 West Miner Street
West Chester, PA 19382

LUTHER WEAVER, ESQ., individually, in his
role as attorney
1525 Locust Street
14th Floor
Philadelphia, PA 19102

L.E. WEAVER & ASSOCIATES, P.C.
1525 Locust Street
14th Floor
Philadelphia, PA 19102

FOX ROTHSCHILD, LLP
2000 Market Street
Suite 2000
Philadelphia, PA 19103-7505

STRADLEY RONON STEVEN & YOUNG
2005 Market Street
Suite 2600
Philadelphia, PA 19103

MONTGOMERY MCCRACKEN WALKER &
RHOADS, LLP
1735 Market Street
21st Floor
Philadelphia, PA 19103-7505

MACELREE HARVEY
17 West Miner Street
West Chester, PA 19382

　　　and

JOHN/JANE DOES 1-30, individuals whose
actual names are unknown to Counterclaim-
Plaintiff.

Third-Party-Defendants.

4

## <u>DECLARATION IN SUPPORT OF MOTION TO MODIFY PRELIMINARY INJUNCTION AND FOR ANCILLARY RELIEF</u>

Pursuant to 28 U.S.C. § 1746, I, Anthonee′ Patterson, hereby declare as follows:

1.      I am the pro se Defendant-Counterclaim Plaintiff-Third-Party Plaintiff in this action and also Bishop to and leader of a faction of the Church that is part of these proceedings. As the Court is aware from the prior proceedings herein, the faction of the Church I lead, and the faction of the Church controlled by Kenneth Shelton have been in a decades long battle over Kenneth Shelton's confirmed looting of Church Corporation assets and other abuses. Although I ultimately prevailed in that dispute in a binding common law arbitration, with no rights to appeal, and then ultimately prevailed in having the Pennsylvania Courts acknowledge the propriety of that award, Plaintiffs in the instant action have misguided this Court into precluding any meaningful enforcement of that award.

2.      I make this motion to amend the preliminary injunction order to permit immediate enforcement of the judgment against Kenneth Shelton individually. In the alternative, I seek ancillary relief necessary to protect the integrity of these proceedings and the Church and Church Corporation property and assets during their pendency.

3.      This Court has repeatedly acknowledged that I have a valid and enforceable judgment against Kenneth Shelton individually.

4.     Moreover, enforcement of the judgment will involve only secular matters concerning the Church Corporation. I will assume my role as president of the Church Corporation and will only be enforcing the judgment as to secular matters and corporate business. Kenneth Shelton will finally be removed as president.

5.     This relief is urgent because, upon information and belief, Kenneth Shelton, the Plaintiffs herein, and their various attorneys are all conspiring to divert Church Corporation funds and assets to a new entity created for the purpose of evading any enforcement of the judgment should this Court ultimately rule in my favor. They have removed as much Church and Church Corporation property and assets outside of this Court's jurisdiction as possible and, upon information and belief, they intend to continue doing so unless they are stopped.

6.     Upon information and belief, Plaintiffs and/or their attorneys have devised a scheme by which tithes, offerings and other payments to the Church are diverted to an entity denominated as "legal defense fund" and secreted to a location outside this Court's jurisdiction.

7.     Attached herewith as Exhibit A is a true and correct copy of an envelope for transmitting tithes, offerings, and other funds from satellite Churches to the main Church. The envelope is addressed to this entity and a location outside this Court's jurisdiction.

8.    Attached herewith as Exhibit B is a true and correct copy of a parishioner's check paying for purchase of compact discs produced by the Church and/or Church Corporation and offered for sale. The check is made payable to this entity.

9.    Attached herewith as Exhibit C is a true and correct copy of a parishioner's check paying tithes to the Church and/or Church Corporation. The check is made payable to this entity.

10.    The diversion of Church Corporation assets is in contravention of the applicable bylaws, a true and correct copy of which are attached herewith as Exhibit D.

11.    These bylaws require that "[t]he title to any real or personal property for the use and benefit of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith shall be acquired and held in the name of the Trustees of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania." (Exhibit D at Article II, Section 2.)

12.    They further provide that, although the method of acquiring property may be altered by a majority vote of the Trustees, any alteration must "first acknowledge that the property belongs to and is held for the use and benefit of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith."

13.     Upon information and belief, the transmission of the Church Corporation property and assets to the aforesaid entity located outside the Court's jurisdiction does not comply with these requirements.

14.     This Court is aware from Attorney Twersky's alleged admission in open court that he previously lied to a bank official in order to abscond with Church Corporation funds, that Plaintiffs and their co-conspirators are willing to go to any lengths to abscond with Church Corporation assets and avoid enforcement of Patterson's judgment. It is respectfully submitted that the removal of said assets from this Court's jurisdiction is part of a scheme to deprive this Court of the ability to enforce any judgment rendered against Plaintiffs, Counterclaim-Defendants, and Third-Party Defendants.

15.     Furthermore, Attorney Twersky's recent email to the Court confirms the serious inadequacies in the current Trustees' record keeping and other fiduciary accounting obligations concerning Church Corporation assets. The information the Court seeks should be readily available for insurance purposes and would be readily available from any competently administered non-profit entity. Yet, Plaintiffs have repeatedly delayed and avoided producing this information despite multiple requests from the Courts.

16.     In addition, it is believed that, notwithstanding the pending litigation over the propriety of such payments, Kenneth Shelton and the conspirators accused

of theft and mismanagement of corporate assets and identified in Patterson's counterclaim and third-party complaint will continue to pay the legal fees incurred in this matter from Church Corporation funds, an act which is illegal and against public policy.

17.    Allowing enforcement of Patterson's judgment will permit him to take his rightful office as president of the Church Corporation and address these serious issues. Patterson can marshal the Church and Church Corporation assets and funds and provide the requested information to the Court. Patterson is willing to account to the Court on a monthly or quarterly basis and seek prior Court approval of any transactions over an amount set by the Court as a condition of assuming his rightful role as president of the Church Corporation.

18.    Indeed, absent Patterson assuming the president's office, the Court will have no way to ensure that the court-ordered information provided is true, accurate, or complete. As noted above, it is alleged that Plaintiffs and their counsel have admitted they will lie to evade court orders and judgments and hide transactions and corporate funds.

19.    In the alternative, an independent trustee, ombudsman, or receiver should be appointed by the Court to review the transactions and financial records (to the extent the conspirators have not destroyed or neglected to maintain them) at issue and take control of all transactions during the pendency of this litigation to

stop the ongoing theft and ensure this Court's ability to render an enforceable judgment in this action and receive accurate and complete information.

20.     At a minimum, Plaintiffs, Counterclaim-Defendants, and Third-Party Defendants should be ordered to transfer all property and funds improperly removed from this Court's jurisdiction back into the name of the corporate trustees and back to a location within this Court's jurisdiction to ensure the Court's authority to render an enforceable judgment. The Court should also require periodic accounting for any current transactions and prior Court approval for any transactions greater than $1,000.00 to protect the assets and funds during the pendency of this litigation. Again, as noted above, Plaintiff and their counsel have no scruples about committing fraud regarding Corporate funds and property.

21.     During the pendency of this matter, over the past two years, Kenneth Shelton has been paid $500,000 in salary, a violation of corporate bylaws, charter, articles of incorporation and customs/beliefs. Ordered in the binding arbitration to cease immediately.

22.     During the pendency of this matter, over the past two years, John Carlton Thomas, Kenneth Shelton's natural brother, has received $350,000.00 in payments. In the binding arbitration he was found to be a thief of hundreds of thousands of dollars by tricking the bank into believing there were two signatures on the withdrawal slip when in fact the two signatures affixed to the document to

10

withdraw funds was his natural given name and his spiritual name. (John Carlton Thomas, Minister Haguth Shelton).

23.     During the pendency of this matter, payments to Kenneth Shelton, John Carlton Thomas, and Johnny Brown, trustees, are well over $1 million dollars in violation of the Church's charter, which does not anticipate trustee compensation.

24.     These three individuals have been found to have breached their fiduciary duties to the Corporation in the millions of dollars to be returned to the corporation.

25.     This Court should not allow itself to unwittingly deprive me of my constitutional and civil rights to execute my judgement under color of law. Accordingly, I respectfully request that this Court grant this motion and permit me to enforce my judgment against Kenneth Shelton, together with such other and further relief as this Court deems just and proper. In the alternative, the Court should take one or more of the steps outlined above to protect the integrity of these proceedings and the Corporate assets and funds, together with such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 20th day of February 2023.

_____/s/ Anthonee᾽ Patterson_____
*Anthonee᾽ Patterson, Defendant-*
*Counterclaim Plaintiff-Third-Party Plaintiff*
*Pro Se*

## <u>CERTIFICATE OF SERVICE</u>

I, Anthoneé Patterson, Defendant Pro Se, hereby certify that I caused a true and correct copy of the foregoing to be served on the parties of record in this matter through the ECF system and on all other parties by the means indicated below:

___ Facsimile        ___ Email        ___ U.S. Mail, First Class

___ U.S. Mail, Priority        ___ Federal Express        ___ UPS

___ ECF        ___ Personal Service

*      /s/ Anthonee′ Patterson*

*Anthonee′ Patterson, Defendant-Counterclaim Plaintiff-Third-Party Plaintiff Pro Se*

Dated: February 20, 2023

13