IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ANOTHNEÉ PATTERSON, et al.,<br><br>  Defendants. | CIVIL ACTION<br><br>NO. 21-634-KSM |

**ORDER**

**AND NOW**, this 22nd day of February, 2023, upon consideration of Defendant Anthoneé Patterson's Motion to Modify Preliminary Injunction and for Ancillary Relief (Doc. No. 105), it is **ORDERED** that the motion is **DENIED**.[1]

---

[1] In his motion, Patterson seeks to modify the preliminary injunction this Court entered on March 19, 2021. Last spring, Patterson moved to dissolve that same preliminary injunction (Doc. No. 51) and this Court denied his motion on November 14, 2022 (Doc. Nos. 84–85) for several reasons. Although Patterson did not make clear pursuant to what authority he was moving, the Court first found that the motion to dissolve was untimely under Federal Rule of Civil Procedure 60(b) and second, concluded that it was essentially an untimely motion to reconsider under Local Rule 7.1(g). (Doc. No. 84 at 9–11.)

The instant motion suffers from similar defects. Again, Patterson fails to identify what Rule of Civil Procedure he is moving under. (*See generally* Doc. No. 105.) To the extent Patterson is moving under Rules 54(b) and 65, the Court finds that they are still inapplicable. (*See* Doc. No. 84 at 8.) To the extent Patterson seeks relief under Rule 60(b), the Court finds that the motion is untimely, as it was filed *nearly two years* after the Court entered the preliminary injunction. (*See* Doc. No. 84 at 9 (explaining that pursuant to Rule 60(c), motions made under Rule 60(b) must be made within a reasonable time and that motions made under Rule 60(b) for reasons such as fraud must be made within a year).)

Furthermore, the Court notes that that the so-called evidence Patterson relies in his current motion to modify the preliminary injunction *predates* the preliminary injunction and is not newly discovered evidence of any kind. (*See* Doc. No. 105-3 (a check dated December 16, 2006); Doc. No. 105-4 (same); Doc. No. 105-5 (Bylaws dated January 4, 1978). Therefore, contrary to Patterson's assertion, there is no

1

**IT IS SO ORDERED.**

/s/KAREN SPENCER MARSTON

KAREN SPENCER MARSTON, J.

---

evidence of "changed circumstances" that make the preliminary injunction "unnecessary or inappropriate." (Doc. No. 105-6.) And, to the extent Patterson moves to reconsider, his motion is (1) untimely under Local Rule 7.1(g), and (2) fails substantively because none of the evidence offered is new or recent—it all postdates, with the exception of the envelope, which is undated (and Patterson does not aver any facts suggesting the envelope itself was newly created or discovered). (*See* Doc. No. 84 at 11–14.)

The Court also notes that Patterson writes, "I make this motion to amend the preliminary injunction to permit immediate enforcement of the judgment against *Kenneth Shelton*." (Doc. No. 105 at ¶ 2 (emphasis added).) But, as this Court emphasized in its March 2021 Memorandum, nothing in the Court's preliminary injunction opinion affects Patterson's enforcement of the award as to *Shelton*; the preliminary injunction only prevents Patterson from enforcing the award against *Plaintiffs*. (*See* Doc. No. 37 at 84 n.61 ("It is necessary to again emphasize that *the Arbitration Award still stands as to Bishop Shelton*, and Patterson may still enforce the award *against Shelton*. Nothing in this Court's Memorandum holds otherwise. Bishop Shelton is *not* a party before this Court. And even if he were, under *Rooker-Feldman*, this Court would lack the authority to provide any relief to Shelton, since the Commonwealth Court definitively upheld the Arbitration Award as to Shelton. *The Court's ruling only relates to enforcement of the award as to the Church and Church Corporation*.").)