IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., et al.,**  Plaintiffs,  v.  **ANTHONEÉ PATTERSON, et al.,**  Defendants. | CIVIL ACTION  NO. 21-634-KSM |

## MEMORANDUM

**Marston, J.**                                                                                                       **August 18, 2023**

Before the Court are Defendant Anthoneé Patterson's Motion to Alter or Amend the Court's June 1, 2023 Order (Doc. No. 127), Motion for Relief from Judgment from the same Order, Motion for Interlocutory Appeal, and Motion to Take Judicial Notice.  (Doc. No. 129.) Plaintiff opposes the motions.  (Doc. No. 130.)  For the reasons discussed below, the Court denies Patterson's motions.[1]

**I.      MOTION TO ALTER OR AMEND JUDGMENT**

Patterson asks the Court to alter or amend its judgment dismissing Patterson's breach of fiduciary duty, abuse of process, and RICO counterclaims.  (Doc. No. 127.)  The Court did not dismiss Patterson's declaratory judgment counterclaim.  (*Id.*)

---

[1] Because the Court writes only for the parties, who are intimately familiar with the facts surrounding this case, and because the facts were extensively outlined in the Court's March 19, 2021 Memorandum granting Plaintiffs' motion for a preliminary injunction (Doc. No. 37), the Court does not restate the underlying facts here.

### A. Legal Standard

Under Federal Rule of Civil Procedure 59(e), the district court may consider motions to alter or amend its judgment. Fed. R. Civ. P. 59(e). Rule 59(e) does not apply to interlocutory decisions. *See Anthanassious v. Palmer*, 418 F. App'x 91, 99 n.5 (3d Cir. 2011) ("Motions to 'alter or amend judgments,' in contrast to motions to reconsider interlocutory orders, are governed by Federal Rule of Civil Procedure 59(e)."); *Azer Sci. v. Quidel Corp.*, Civil No. 5:21-cv-02972-JMG, 2023 U.S. Dist. LEXIS 8331, at *4 (E.D. Pa. Jan. 18, 2023). An order is interlocutory if it "dismiss[es] some, but not all, of a party's claims." *Bridges v. Colvin*, 137 F. Supp. 3d 620, 628 (E.D. Pa. 2015) (citing *Andrews v. United States*, 373 U.S. 334, 340 (1963)). "[B]ecause an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters the final judgment." *Rodriguez v. City of Philadelphia*, Civil No. 14-4435, 2018 U.S. Dist. LEXIS 101741, at *13 (E.D. Pa. June 18, 2018) (citing *Bridges*, 137 F. Supp. 3d at 628) (internal citations omitted). While the Court dismissed three of Patterson's counterclaims, the Court denied the Plaintiff's motion to dismiss Patterson's Declaratory Judgment counterclaim, so this counterclaim still stands. (Doc. No. 127.) Because not all of Patterson's counterclaims have been dismissed, the order is interlocutory and Rule 59(e) is not applicable.

Instead, Local Rule 7.1(g) applies. "A timely motion for reconsideration under Local Rule 7.1(g) is considered analogous to a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." *Kennedy Indus., Inc. v. Aparo*, Civil Action No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006). The Local Rules of Civil Procedure for the U.S. District Court for the Eastern District of Pennsylvania provide: "Motions for reconsideration . . . shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)." E.D. Pa. Local

Rule 7.1(g). Since Rule 7.1 implements a 14-day deadline for motions to reconsider, and Patterson submitted his motion 28 days after entry of the Court's Order, the motion is not timely.

Even if Patterson's motion was timely, the Court would find that Patterson failed to meet his burden under the motion for reconsideration standard. When a motion to reconsider is brought pursuant to a court's "inherent power over interlocutory orders" under Local Rule 7.1(g), courts tend to apply the standard of review for a motion to reconsider under Rule 59(e). *See Askew v. R.L. Reppert*, Civil Action No. 11-cv-04003, 2016 WL 749945, at *1 (E.D. Pa. Feb. 26, 2016). "The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Out of consideration for finality and judicial economy," courts should grant motions for reconsideration "sparingly." *Hatcher v. SCM Grp. N. Am., Inc.*, 167 F. Supp. 3d 719, 728 (E.D. Pa. 2016) (citation omitted). Before altering or amending a prior decision, courts in this Circuit require the moving party to show one of three bases: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### B. Discussion

Patterson relies on the third basis in his motion to reconsider, asserting that there was an error of law or fact in this Court's prior order. (Doc. No. 129-4 at 3.) Patterson maintains that this Court's order should be amended because he is still a member of the Church.[2] (*Id.*)

---

[2] This is the crux of Patterson's argument. However, this argument only counters the Court's ruling dismissing Patterson's counterclaim for breach of fiduciary duty, which held that Patterson did not have standing because he was not a member of the Church. (Doc. No. 127 at 7–8.) The Court's dismissals of Patterson's counterclaims for RICO violations and abuse of process remain unchallenged

3

Patterson asserts that the Court's reliance on *Askew* was misplaced because of factual distinctions between this case and *Askew*. (*Id.* at 4–5.)

First, Patterson's primary argument—that the Court's order includes a clear error of law or fact because Pennsylvania courts have previously ruled that he is a member of the Church—misunderstands the law.[3] To bring a counterclaim in federal court, as Patterson did in Doc. No. 87, the party must have standing in federal court. *See Jacoby Donner, P.C. v. Aristone Realty Cap., LLC*, Civil No. 17-2206, 2018 WL 1609341, at *7 (E.D. Pa. Apr. 3, 2018) (analyzing standing of counterclaim plaintiffs). Patterson has the burden of proving his standing to bring a counterclaim. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016). Whether Patterson has standing in state court is irrelevant for the purpose of *federal* court standing. *Yaw v. Del. River Basin Comm'n Del. Riverkeeper Network*, 49 F.4th 302, 316 (3d Cir. 2022) ("The fact that a party has standing in state court does *not* mean that they have standing in federal court . . . . [E]ven if Pennsylvania state law would have afforded appellants standing if they had brought an action in state court, we must ensure that they satisfy the federal requirements for standing as

---

because these dismissals involve elements of law not addressed in Patterson's motion to reconsider. (*Id.* at 9–15.) For instance, Patterson's RICO claim was dismissed not only for lack of standing, but also because his claim alleged a derivative injury, rather than the direct injury required by the RICO statute. (*Id.* at 11.) Similarly, Patterson's abuse of process claim was dismissed for several reasons, including that Patterson's allegations are conclusory, the statute of limitations had passed, and Patterson failed to allege any definite acts occurring *after* the Church's initiation of this action. (*Id.* at 12–15.)

[3] In his motion to reconsider, Patterson refers to both *Patterson v. Shelton*, No. 2146 C.D. 2014, at *9 n.10 (Pa. Commw. Ct. Dec. 18, 2015) and to a hearing in *Patterson v. Shelton*, No. 2945 (Pa. Ct. Com. Pl. 2005) (Doc. No. 129-2). (Doc. No. 129-4 at 3, 5–6.) While the 2015 non-binding opinion does hold in a footnote that Patterson had standing in state court, the 2005 hearing transcript includes no such holding that the Court can identify. (*Id.*) The transcript merely concludes that the proceedings related to the issue of standing, had been continued. (Doc. No. 129-2 at 76.) Patterson provides no citation identifying the portion of the hearing when Judge Lynn purportedly "adjudicated that Patterson is a member of the Church." (Doc. No. 129-4 at 5.) He merely cites arguments made by the parties during the hearing before Judge Lynn. (*See* Doc. No. 131 at 2.) And, even if Judge Lynn affirmatively ruled that Patterson was a member of the Church, the Court's analysis would remain the same—Patterson does not have standing in federal court.

well.") (cleaned up) (emphasis added).[4]

As the Court explained in its previous opinion, Patterson must demonstrate an injury-in-fact to establish standing, which is only possible if he is a member of the Church. (*See* Doc. No. 127 at 3–4.) To reiterate this Court's prior analysis, the General Overseer's authority to excommunicate members falls squarely within the realm of matters *insulated from civil court review*. (*Id.* at 4–6.) *See also Askew*, 684 F.3d at 419. As Patterson similarly recognizes in his July 23, 2023 letter, the Court "lacks any power or authority to determine [Patterson's] membership in the Church" because his "membership is determined by the scriptures and doctrine of the church." (Doc. No. 131 at 1.) The Third Circuit in *Askew* affirmed that the district courts must accept the General Overseer's pronouncement of membership as conclusive due to the non-entanglement principle. 684 F.3d at 420. Bishop Kenneth Shelton acted in his capacity as General Overseer and excommunicated Patterson from the Church in 1992.[5] (*See* Feb. 23, 2021 Tr. at 182:15-183:4, 185:2–14.) Therefore, the Court must accept Bishop Shelton's pronouncement that he excommunicated Patterson; thus, Patterson is no longer a member of the Church, and does not have standing to bring a *federal* counterclaim against the Church for breach of fiduciary duty.

---

[4] Patterson suggests that the parties waived standing, but Patterson again misapprehends the purpose of standing in federal court jurisprudence. (Doc. No. 129-1 at ¶ 6.) Standing is a corollary of Article III's limitation of the "judicial power" to the resolution of "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1 (capitalization omitted). "Because standing is a jurisdictional issue, it is immaterial whether [a party] concedes it; the Court must confirm for itself that Plaintiffs have standing to pursue their claims." *Pa. State Lodge FOP v. Twp. of Springfield,* Civil Action No. 23-332-KSM, 2023 WL 4216095, at *9, n.4 (E.D. Pa. June 27, 2023). *See Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 319 n.5 (3d Cir. 2011) ("[W]e recognize that parties are not permitted to waive constitutional standing.").

[5] To the extent that Patterson suggests that Shelton fraudulently excommunicated Patterson, the Third Circuit stated in *Askew* that there is "no basis for the inference [of fraud]" because "[s]ince 1992, Bishop Shelton has repeatedly declared all persons loyal to Roddy Shelton nonmembers of the Church." *Askew*, 684 F.3d at 420; Feb. 23, 2021 Tr. at 182:15–18 ("Well, [Patterson] aligned himself with Roddy Nelson (sic). And I declared sometime in '92 that all that aligned themselves with Roddy Nelson (sic) were not members of the Church.").

Next, Patterson suggests that the Court's reliance on *Askew* is misplaced due to factual distinctions. (*See* Doc. No. 129-4.) He states first that unlike the plaintiff in *Askew*, Patterson has previously been adjudged to be a member of the Church by the Pennsylvania courts and thus has standing. (*Id.* at 4.) As the Court has already stated above, whether the plaintiff in *Askew* ever received such a judgment is irrelevant because Patterson's *state* court judgment regarding standing is immaterial in *federal* court. *Yaw*, 49 F.4th at 316. Second, Patterson attempts to distinguish *Askew* because the *Askew* plaintiff was removed from the Church prior to bringing his claims, while Patterson argues his claims were asserted prior to his removal from the Church. (Doc. No. 129-4 at 4–5.) In the context of his federal counterclaims at issue in the Court's June 2023 order, this is untrue. Patterson was removed as a member of the Church by Bishop Shelton in 1992, (Feb. 23, 2021 Tr. at 182:15–183:4, 185:2–14), but he did not bring his federal counterclaims against the Church until December 2022. (*See* Doc. No. 87.) Third, Patterson distinguishes this case from *Askew* because the plaintiff in *Askew* never won a judgment against the Church. (Doc. No. 129-4 at 5.) However, the arbitration award Patterson repeatedly references is not procedurally relevant to his counterclaims against the *Church*. The arbitration award was only against Bishop Shelton, rather than the Plaintiffs in this case.[6] (*See* Doc. No. 37 at 21–26.) In sum, because *Askew* involves nearly identical facts and the same Church bylaws, it is properly applicable and there is no merit to Patterson's assertion the Court needs to correct a clear error of law or fact or to prevent manifest injustice." (*See generally*, Doc. No. 127.)

Accordingly, the motion to reconsider is denied as untimely and insufficient.

---

[6] To reiterate, this Court has previously held that the Church was not a party to the previous Patterson action, (Doc. No. 37 at 56), and the Third Circuit has affirmed this ruling. (Doc. No. 41.)

## II.     MOTION FOR RELIEF FROM JUDGMENT

Next, the Court turns to Patterson's motion for relief from the Court's order under Federal Rule of Civil Procedure 60.  (Doc. No. 129.)  Rule 60 outlines "grounds for relief from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  It states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including "the judgment is void" and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(4), (6).  Patterson moves for relief under both Rule 60(b)(4) and 60(b)(6).  The Court addresses each in turn below.

### A.     *Rule 60(b)(4)*

"A judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'"  *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978) (citing *United States v. Walker*, 109 U.S. 258, 265–67 (1883); 7 J. Moore, Moore's Federal Practice para. 60.25[2], at 301–06 (2d ed. 1975); 11 C. Wright & A. Miller, *supra* § 2862, at 198–200)).  "By contrast, a judgment is not void and is therefore not within the ambit of 60(b)(4) simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional."  *Id.* (citing *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374–78 (1940)).  A "judgment can be voided on two grounds: (1) if the rendering court lacked subject matter jurisdiction or (2) if it acted in a manner inconsistent with due process of law."  *Constr. Drilling, Inc. v. Chusid*, 131 Fed. Appx. 366, 372 (3d Cir. 2005).

Patterson's motion does not argue either ground applies here.  This Court has previously established its subject matter jurisdiction in this matter.  (*See* Doc. No. 37 at 70–75.)  *See also Trs. of the Gen. Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. v.*

7

*Patterson*, No. 21-1662, 2021 WL 6101254, at *6 n.5 (3d Cir. Dec. 21, 2021). Furthermore, Patterson provides no suggestion that this Court has acted in a manner inconsistent with due process of law. Rather, Patterson asserts that the Court's judgment is void under the *Rooker-Feldman* doctrine because Pennsylvania courts previously adjudicated that Bishop Shelton lacks power to remove Patterson as a member of the Church. (Doc. No. 129-4 at 7–8.) But, this once again ignores this Court's prior ruling which has been affirmed by the Third Circuit (*see* Doc. Nos. 37, 41), that the *Rooker-Feldman* doctrine is inapplicable because Plaintiffs were not parties to the state court ruling. (*See* Doc. No. 37.) Patterson makes no further arguments beyond his previous repeated claims that Shelton is a state court loser. (*Id.*) The true issue—which has already been considered and decided—is whether the *Church* was a state court loser. In other words, whether Bishop Shelton is a previous state court loser is irrelevant in the present case. As this Court previously held, the Church was not a party to the previous action, so it cannot be a state court loser and *Rooker-Feldman* is not applicable. (*See* Doc. No. 37.)

    **B.**    ***Rule 60(b)(6)***

Rule 60(b)(6) states that a court may provide relief from a final judgment, order, or proceeding for "any other reason that justified relief." Fed. R. Civ. P. 60(b)(6). A motion made under Rule 60(b)(6) "may not generally substitute for an appeal." *Marshall*, 575 F.2d at 424. The Third Circuit has interpreted Rule 60(b)(6) as providing for extraordinary relief only "upon a showing of exceptional circumstances." *Vecchione v. Wohlgemuth*, 558 F.2d 150, 159 (3d Cir. 1977). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an extreme and unexpected hardship will result.'" *Budget Blinds, Inc. v. White*, 546 F.3d 244, 255 (3d Cir. 2008) (citing *Mayberry v. Maroney,* 558 F.2d 1159, 1163 (3d Cir. 1977)).

    Patterson asserts under Rule 60(b)(6) that he should be provided relief from the Court's

order because the Court's ruling "essentially aids and abets plaintiffs . . . to continue looting the Church." (Doc. No. 129-4 at 8–9.) However, Patterson's disagreement with the Court alone does not provide a basis for relief from judgment. *Grossberger v. Ruane*, 491 F. App'x 309, 311 (3d Cir. 2012). Patterson's potential hardship from dismissal of his counterclaims does not satisfy the stringent standard of "exceptional circumstances" and "extreme" and "unexpected" hardship.

Accordingly, the motion for relief from judgment must be denied as insufficient.

III.     **MOTION TO GRANT LEAVE TO TAKE INTERLOCUTORY APPEAL**

Next, the Court addresses Patterson's motion seeking permission for an interlocutory appeal pursuant to Federal Rule of Appellate Procedure 5(a)(3). (Doc. No. 129.) Under 28 U.S.C. § 1292, a district judge may permit a party to appeal an order before final judgment if the order involves (1) a controlling question of law, (2) offers substantial ground for difference of opinion, and (3) if appealed immediately materially advances the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Each of these elements must be met for certification. *Knipe v. SmithKline Beecham*, 583. F. Supp. 2d 553, 599 (E.D. Pa. 2008). The movant bears the burden of showing "exceptional circumstances" justifying a departure from the basic policy postponing appellate review until after entry of a final judgment. *Glaxosmithkline LLC v. Teva Pharms. USA, Inc.*, CV No. 13-726, 2014 U.S. Dist. LEXIS 193112, at *6 n.3 (E.D. Pa. July 17, 2014).

Here, Patterson states that this Court's "interference with the Pennsylvania State Courts' rulings involves a controlling question of law," but he does not provide any case law clarifying the scope of the controlling question of law or supporting the substantial ground for difference of

9

opinion.[7] (Doc. No. 129-4 at 9–10.) Patterson merely states "it cannot be seriously questioned that immediate appeal from [the Court's June 2023] ruling will materially advance the litigation." (*Id.*) Whether the Church "rel[ies] upon [Bishop] Shelton's alleged powers" is not relevant to the fact that the Church was not a party to the original case. (Doc. No. 129-1 at 8.) Furthermore, the Third Circuit—to whom Patterson would like to appeal—has already decided this issue; it held that the Church was not a party to the original case and therefore *Rooker-Feldman* is not applicable. (Doc. No. 41.) Patterson's substantial difference of opinion *with this court* does not alone merit leave to file an interlocutory appeal.

Therefore, the motion seeking permission for interlocutory appeal is denied.

**IV.     MOTION TO TAKE JUDICIAL NOTICE**

Lastly, the Court addresses Patterson's motion requesting that the Court take judicial notice of two exhibits filed with his motion. (Doc. No. 129-2, 3.) Patterson seeks to judicially notice (1) a November 29, 2005 transcript of a hearing before Judge Lynn in the Court of Common Pleas, and (2) the Final Adjudication and Decree in the ADR Arbitration, dated July 17, 2006. Patterson argues that these documents may be judicially noticed under Federal Rule of Evidence 201 and, in the alternative, they are admissible as records of regularly conducted activity. (*Id.*)

Under Federal Rule of Evidence 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably questioned." Fed. R. Evid. 201(b). Rule 201(c) says a court "(1) may take judicial

---

[7] The Court interprets "interference with the Pennsylvania State Courts' rulings" as referring to the Court's rulings relating to the *Rooker-Feldman* doctrine.

10

notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Here, the Court grants the motion to take judicial notice of the November 29, 2005 transcript of the beginning of a hearing before Judge Lynn in the Court of Common Pleas that then continued for two additional days. (Doc. No. 14, Ex. 14 at 79–114.) The Court previously took note of this hearing during the Court's hearing on Plaintiff's motion for preliminary injunction.[8] (Feb. 23, 2021 Tr. at 78:2–25; *see generally* Doc. No. 4.) But, the Court cautions that the fact the Court takes judicial notice of this hearing does not mean that the Court will "accept[] as true all the contentions and allegations of the parties contained therein." *Hynoski v. Columbia Redevelopment Auth.*, 941 F. Supp. 2d 547, 555–56 (M.D. Pa. 2013) (emphasizing that "[t]aking judicial notice of these documents does not mean that the court accepts as true all the contentions and allegations of the parties contained therein. Rather, the court notices the fact of their filing and the rulings issued by the court of record"). (*See also* Doc. No. 84 (rejecting Patterson's motion to take judicial notice of factual allegations included within court documents.)

The Court denies the motion to take judicial notice of the arbitration decree as moot because the Court has already taken judicial notice of the fact of the arbitration's filing.[9] (*See* Doc. No. 84 at 4.)

Thus, the Court grants in part and denies in part Patterson's motion to take judicial notice.

---

[8] It should be noted that the November 29 transcript is missing pages 11–12, 17–18, and 64. (Doc. No. 129-2.)

[9] The Court also notes that the copy of the arbitration decree is incomplete, as the last page of the copy shows an incomplete paragraph which appears to continue onto the next (missing) page. (Doc. No. 129-3 at 12.)

## V.      CONCLUSION

For the foregoing reasons, the Court denies Patterson's motion to alter or amend the Court's judgment, motion for relief from judgment, and motion for certificate of appealability. The Court grants in part and denies in part Patterson's motion to take judicial notice. An appropriate Order follows.