**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., et al.,** | **CIVIL ACTION** |
| Plaintiffs, | **NO. 21-634-KSM** |
| *v.* | |
| **ANTHONEÉ PATTERSON, et al.,** | |
| Defendants. | |

**<u>MEMORANDUM</u>**

**Marston, J.**                                                              **March 13, 2024**

Before the Court is Plaintiffs' Motion to Convert the Preliminary Injunction to a Permanent Injunction (Doc. No. 152), Defendant Patterson's Response in Opposition (Doc. No. 157), Plaintiffs' Reply in Further Support of the Motion for Permanent Injunction (Doc. No. 160), and Patterson's Sur-Reply in Opposition to the Motion (Doc. No. 161).  For the reasons discussed below, the Court grants Plaintiffs' motion.[1]

## I.    LEGAL STANDARD

"The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that [in the preliminary injunction context] the plaintiff must show a likelihood of success on the merits rather than actual success."  *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 215 n.9 (3d Cir. 2014).  In determining whether to grant

---

[1] Because the Court writes only for the parties, who are intimately familiar with the facts surrounding this case, and because the facts were extensively outlined in the Court's March 19, 2021 Memorandum granting Plaintiffs' motion for a preliminary injunction (Doc. No. 37), the Court does not restate the underlying facts here.

permanent injunctive relief, the court must therefore consider whether (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest. *Shields v. Zuccarini,* 254 F.3d 476, 482 (3d Cir. 2001). When a court converts a preliminary injunction to a permanent injunction, it should take care to ensure that it "expressly recast[s] its findings in terms of the legal standard applicable to a permanent injunction." *CIBA–GEIGY Corp. v. Bolar Pharm. Co.,* 747 F.2d 844, 847 (3d Cir. 1984).

## II.    ANALYSIS

Plaintiffs argue that the preliminary injunction should be converted to a permanent injunction because the Court's findings in granting the preliminary injunction have preclusive effect, no new evidence is available to call into question the Court's findings, and the parties agreed that discovery is not necessary. (Doc. No. 152-2.) "[F]indings made in granting or denying preliminary injunctions can have preclusive effect [in litigation on the merits in the same or a different proceeding] if the circumstances make it likely that the findings are 'sufficiently firm' to persuade the court that there is no compelling reason for permitting them to be litigated again." *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 474 n.11 (3d Cir. 1997) (citing *Dyndul v. Dyndul,* 620 F.2d 409, 411–12 (3d Cir. 1980)). *See also id.* (citing *Commodity Futures Trading Comm'n v. Bd. of Trade,* 701 F.2d 653, 657 (7th Cir. 1983)) ("[F]indings made in preliminary injunction decisions have preclusive effect 'if the circumstances make it likely that the findings are accurate [and] reliable'"). The Third Circuit has listed factors for determining whether the resolution in the first proceeding is sufficiently firm to merit preclusive effect, including "whether the parties were fully heard, whether the court

filed a reasoned opinion, and whether that decision could have been, or actually was appealed." *Id.* (citing *In re Brown,* 951 F.2d 564, 569 (3d Cir. 1991)).  In *Bowers v. City of Philadelphia*, for example, the Court held that the findings from the preliminary injunction hearing were sufficiently "firm" to warrant the application of issue preclusion because the Court heard four days of testimony and evidence during an injunction hearing, the parties presented more than twenty witnesses and thirty exhibits, the Court issued an exhaustive 73-page opinion, and the defendant did not appeal.  No. CIV.A. 06-3229, 2008 WL 5234357, at *5 (E.D. Pa. Dec. 12, 2008).

Here, likewise, the Court listened to extensive testimony for three days on the motion for preliminary injunctive relief.  (Doc. No. 37 at 4 (indicating that the Court held an evidentiary hearing on the motion on February 23, 24 and 25, 2021).)  The parties were fully heard, as both parties were represented by attorneys who fully briefed the motions (*id.* at 32–33), and presented multiple witnesses, including Defendant Patterson (*see* Doc. Nos. 28–30).  Following the hearing, this Court issued an exhaustive 85-page opinion addressing the issues, making findings of fact, and ultimately concluding that Plaintiffs were not parties to the Patterson Action.[2]  (*See generally* Doc. No. 37; *id.* at 52–63 (finding that Plaintiffs were not parties to the Patterson Action and were not in privity with Bishop Shelton).)  Finally, Patterson appealed to the Third Circuit, which affirmed this Court's decision.  *The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. v. Patterson*, 2021 WL 6101254 (3d Cir. Dec. 21, 2021).

Patterson attempts to suggest that there is additional relevant evidence that this Court should consider prior to granting a permanent injunction (Doc. No. 157 at 5), but the Court has in

---

[2] As defined in our March 19, 2021 Memorandum, the "Patterson Action" refers to *Anthoneé Patterson v. Kenneth Shelton*, July Term 1995, No. 2945 (Phila. Cnty. Ct. Com. Pl.).  (*See* Doc. No. 37 at 4.)

fact already considered this evidence in granting in part and denying in part Plaintiffs' motion to dismiss Patterson's counterclaims.  (*See* Doc. Nos. 127, 118-1, 118-2.)  Patterson fails to identify an issue of fact that stands to be resolved, but rather continues to disagree with the legal conclusions of the preliminary injunction memorandum and order.[3]  And although Patterson has on occasion attached various court documents to his filings for reconsideration, these requests have been denied.  (*See, e.g.*, Doc. Nos. 84, 107, 117, 127, 134.)

As such, the Court's previous findings in granting the preliminary injunction— (1) Plaintiffs were neither a party to the Patterson Action nor in privity with Bishop Shelton; (2) Plaintiffs will be irreparably injured by the denial of injunctive relief; (3) Patterson will not suffer greater harm than the Plaintiffs if the injunction is granted; and (4) the injunction would be in the public interest (Doc. No. 37)—have preclusive effect on the merits in this proceeding.  In light of the fact that no new evidence has been presented and the parties have agreed that discovery is unnecessary (*see* Doc. No. 86), the Court finds that a permanent injunction is appropriate because Plaintiffs have demonstrated actual success on the merits and because Patterson will not suffer greater harm than the Plaintiffs if the permanent injunction is granted.[4] *See ReMed Recovery Care Ctrs. v. Township of Willistown*, 36 F. Supp. 2d 676, 682 n.5 (E.D. Pa. 1999) (citing *CIBA–GEIGY Corp.*, 747 F.2d at 847) ("Absent presentation of new evidence, a district court may convert an opinion granting a preliminary injunction into one granting a

---

[3] For example, Patterson's filings repeatedly make conclusory statements that this Court's preliminary injunction was based on a complaint that was "rife with unethical omissions of relevant facts."  (Doc. No. 157.)

[4] Although Patterson argues that "[a]ny injury alleged by Plaintiff cannot out-weight [sic] the permanent injury to Defendant and the members of the Minority Faction [because] [a]ny permanent injunction would bar hundreds of Apostolic members from ever entering property held by Plaintiff Trustees," (Doc. No. 157 at 7), this does not address the actual factor under consideration—that is, whether *Patterson*, as the sole Defendant, will suffer greater harm than Plaintiffs if the injunction is granted.  Patterson fails to provide any argument suggesting that the balance of harms counsels against the permanent injunction.

permanent injunction by expressly recasting its findings and conclusions in terms of the proper legal standard applicable to a permanent injunction."); *Vizant Techs., LLC v. Whitchurch*, No. CV 15-431, 2016 WL 97923, at \*26 (E.D. Pa. Jan. 8, 2016), *aff'd*, 675 F. App'x 201 (3d Cir. 2017), *as amended* (Feb. 2, 2017) ("In our decision dated April 29, 2015, we found that Vizant had shown that it would 'suffer irreparable harm if the injunction is denied,' that a grant of injunctive relief would 'not result in even greater harm to the nonmoving party,' and 'that the public interest favors such relief.'  Since that time, no new evidence has been presented by any party that would call our findings into question.  Recognizing our obligation to recast our findings in the context of the standard applicable to permanent injunctions, we nonetheless conclude that the requirements for a permanent injunction have been satisfied.") (citations omitted); *The Shell Co. (P.R.) v. Los Frailes Serv. Station, Inc.*, 605 F.3d 10, 19 n.4 (1st Cir. 2010) ("LFSS's argument that the district court could not convert the preliminary injunction into a permanent injunction without an evidentiary hearing fails.  The district court converted the preliminary injunction into a permanent injunction only after issuing a show cause order to LFSS, and only after determining that LFSS had not advanced any new evidence or legal arguments beyond what it had presented at the preliminary injunction hearing.  Under those circumstances, an evidentiary hearing would have served little purpose, and the district court's conversion was not error."); *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983) (holding that an evidentiary hearing is not required prior to issuing a permanent injunction where no triable issues of fact are involved).

## III.    CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to convert the preliminary injunction to a permanent injunction (Doc. No. 152) and grants the request for declaratory

judgment that the enforcement of the arbitration adjudication as to these Plaintiffs is unconstitutional.[5] (Doc. No. 1).  Patterson's counterclaim for declaratory judgment on the grounds that Plaintiffs' claims are barred and the state court arbitration adjudication is "fully and immediately enforceable" (Doc. No. 90) is denied.  An appropriate Order follows.

---

[5]  The Court reiterates, as it has on many occasions since its initial ruling on the preliminary injunction: "To the extent that Count I could be interpreted as requesting a declaration that the entire Arbitration Award is unconstitutional in all regards (*see id.* at p. 27 ¶ 113), the Court notes that it does not have jurisdiction to consider the validity of the Arbitration Award as it stands against [nonparty] Kenneth Shelton."  (*See* Doc No. 37 at 74, n.51.)