IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., et al.,**<br><br>Plaintiffs,<br><br>*v.*<br><br>**ANTHONEÉ PATTERSON, et al.,**<br><br>Defendants. | **CIVIL ACTION**<br><br>**NO. 21-634-KSM** |

# ORDER

**AND NOW**, this 13th day of March 2024, upon consideration of Plaintiffs' Motion for Permanent Injunction (Doc. No. 152), Defendant Patterson's Response in Opposition (Doc. No. 157), Plaintiffs' Reply in Further Support of the Motion for Permanent Injunction (Doc. No. 160), and Patterson's Sur-Reply in Opposition to the Motion (Doc. No. 161), **IT IS ORDERED** as follows:

1. Plaintiffs' request for declaratory judgment that the enforcement of the arbitration adjudication against Plaintiffs is unconstitutional (Doc. No. 1) is **GRANTED.**

2. Plaintiffs' motion to convert the preliminary injunction into a permanent injunction (Doc. No. 152) is **GRANTED.**

3. Patterson's counterclaim for declaratory judgment on the grounds that Plaintiffs' claims are barred and the state court arbitration adjudication is "fully and immediately enforceable" as to Plaintiffs (Doc. No. 90) is **DENIED.**

**IT IS FURTHER ORDERED**, upon consideration of Plaintiffs' Motion for Sanctions (Doc. No. 166), that the Motion for Sanctions is **DENIED**.[1]  The Clerk of Court shall mark this case **CLOSED**.

**IT IS SO ORDERED.**

/s/ Karen Spencer Marston
_____
KAREN SPENCER MARSTON, J.

---

[1] Plaintiffs seek for the Court to sanction Patterson either through civil and/or criminal contempt, through Rule 11 sanctions, or through the Court's inherent authority.  (*See* Doc. No. 166.)  Given the prolonged contentious history of the overall dispute, Patterson's status as a *pro se* plaintiff, and this Court's discretion to deny a request for sanctions, the Court denies the request.  *See* Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation"); *Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 388 (3d Cir. 2016) (affirming district court's order denying motion for sanctions "[b]ecause the District Court appropriately exercised its wide discretion in concluding the motions lacked merit"); *id.* at 391 ("Rule 11(c)(6) requires only that a district court explain the basis of its order when the court imposes a sanction, not when it denies for the sanction."); *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)) ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").